PEOPLE *v.* LE BEAU.

CRIMINAL LAW—VENUE—EVIDENCE.
In a prosecution for larceny by trick, conviction cannot be
sustained where the record fails to locate the place of
the crime within the jurisdiction of the trial court.

Error to recorder's court of Detroit; Heston (William M.), J. Submitted January 13, 1922. (Docket No. 155.) Decided March 30, 1922.

George LeBeau was convicted of larceny, and sentenced to imprisonment for not less than 1 nor more than 5 years in the Detroit house of correction. Reversed.

*Edward N. Barnard,* for appellant.

*Merlin Wiley,* Attorney General, *Paul W. Voorhies,* Prosecuting Attorney, and *Harry S. Toy,* Assistant Prosecuting Attorney, for the people.

MOORE, J. The information in this case contains two counts, one for larceny of the sum of $600, and the other for receiving stolen property of like value. The theory of the people was that the defendant was guilty of the crime of "larceny by trick." The claim is that Octavian Ramba, son of Mary Ramba, was arrested charged with making whisky, that Mary Ramba gave to the defendant the sum of $1,500 to obtain Octavian's release from jail; that of this sum, $100 was paid to a Mrs. Alexander, who acted as interpreter, and to the defendant, for their services, $800 to the internal revenue collector as a tax, leaving $600 in the defendant's hands which sum the people allege he feloniously retained.

Mr. LeBeau positively denied receiving from Mary Ramba any sum or sums in excess of $800 which was given him in front of Mary Ramba's residence; that of the $100 paid to Marie Alexander as consideration for their respective services, he received $50, and the $800 was paid by him to the collector of internal revenue, for which a receipt given by the collector was produced. The case was submitted to the jury upon both counts of the information, and defendant was convicted of the crime of larceny by "trick" of property of the value of $600. A motion for a new trial was denied.

Counsel discusses two questions:

(1) Was the verdict of the jury so contrary to the great weight of the evidence as to constrain the court to set it aside and grant a new trial?

(2) Does the record disclose any competent proof of the venue, viz.: that the crime alleged was committed in the city of Detroit, Michigan, and within the jurisdiction of the recorder's court?

When the case was first presented in this court counsel for the people stated if they were allowed to get a supplemental return that they thought they might supply the testimony which would show the offense was committed in the city of Detroit. The supplemental return is here. Unfortunately it does not show the desired testimony.

It is well settled that in criminal trials a conviction cannot be sustained where the record fails to locate the place of the crime within the jurisdiction of the court. *People* v. *Ayres,* 182 Mich. 241, 246; *People* v. *Warner,* 201 Mich. 547, 554; *People* v. *Jackzo,* 206 Mich. 183, 192, 193.

In *People* v. *Ayres, supra,* the court, speaking through Justice STEERE, said:

"The rule is elementary that in criminal trials the venue must be proved by competent evidence beyond a reasonable doubt, and where the record fails to lo-

cate the place of the crime within the jurisdiction of the court, whether through inadvertence or otherwise, the judgment must be reversed (citing many cases)."

The judgment is reversed, and a new trial ordered.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.