PEOPLE *v*. RANDOLPH.

1. CRIMINAL LAW — HOMICIDE — FAILURE TO INDORSE WITNESSES' NAMES ON INFORMATION.

   In a prosecution for murder, it was not reversible error to deny defendant's motion to require the prosecution to indorse the names of two witnesses on the information under 3 Comp. Laws 1915, § 15761, where they were after-

wards called by defendant, and it appeared that they had no knowledge of the crime or that it had been committed until several hours had elapsed.

2. HOMICIDE—EVIDENCE—DEGREE OF MURDER QUESTION FOR JURY.
Where no witness to the shooting was produced, and it does not appear whether the one who did it was lying in wait or whether it was the result of a sudden quarrel, it was not error for the trial court to allow the jury to find defendant guilty of murder in the second degree under 3 Comp. Laws 1915, §§ 15193, 15194, 15196.

3. CRIMINAL LAW—EVIDENCE—REMOTENESS.
Testimony of illicit relations between defendant and the woman who several years later became the wife of the murdered man was incompetent as too remote.

4. SAME—VENUE—PROOF.
Where the venue was not proven, there being no testimony to show where the crime was committed, conviction must be reversed.

Exceptions before judgment from St. Clair; Law (Eugene F.), J. Submitted April 14, 1922. (Docket No. 118.) Decided December 5, 1922.

Benny Randolph was convicted of murder in the second degree. Reversed.

*Colombo, Colombo & Colombo*, for appellant.

*Henry R. Baird*, Prosecuting Attorney, for the people.

MOORE, J. The defendant was charged with murder in the first degree. It was claimed on the part of the people that defendant had killed Fortina Janetta. He was convicted of murder in the second degree. The case is brought here on exceptions before judgment.

It is claimed that the conduct of the prosecuting attorney in his opening statement to the jury and in his closing argument constituted reversible error. We

think his conduct was not in accord with what we have repeatedly said as to what the attitude of the prosecuting officer in a criminal case should be. As the case must be reversed for another reason we will content ourselves with cautioning the prosecuting officer.

It is claimed the court erred in denying defendant's motion to require the prosecution to indorse the names of Mike Denverno and Danny Randolph on the information as the people's witnesses. Counsel citing section 15761, 3 Comp. Laws 1915. These witnesses were afterwards called by the defendant. It is not claimed these witnesses had any knowledge of the commission of the crime or that it had been committed until several hours had elapsed. We do not think this was reversible error. See *People* v. *Resh,* 107 Mich. 251.

It is the claim of counsel that the court committed grave error in charging the jury that they had a right under the proof in this case to find defendant guilty of murder in the second degree. It is the claim of counsel that defendant was guilty of murder in the first degree or nothing, citing section 15192, 3 Comp. Laws 1915. No one was produced as a witness who saw the shooting. It does not appear whether the one who did it was lying in wait or whether it was the result of a sudden quarrel. See sections 15193, 15194, and 15196, 3 Comp. Laws 1915. We do not think this assignment of error was well taken.

The people were allowed to show in great detail the illicit relations which existed between the defendant and the woman who several years later became the wife of the murdered man. We think this was too remote and was incompetent testimony.

It is claimed this record is entirely barren of any proof that the crime charged in the information was committed at the township of Port Huron, St. Clair

county, Michigan. Counsel for the people have quoted all the testimony in the record bearing upon the question of where the crime was committed. Nowhere in the testimony is it shown that it was in St. Clair county or the city of Port Huron, or in the township of Port Huron.

In *People* v. *Ayres*, 182 Mich. 246, Mr. Justice STEERE, speaking for this court, said:

"It is also urged as a ground of reversal that no venue was proven. The rule is elementary that in criminal trials the venue must be proved by competent evidence beyond a reasonable doubt, and where the record fails to locate the place of the crime within the jurisdiction of the court, whether through inadvertence or otherwise, the judgment must be reversed."

See *People* v. *Warner*, 201 Mich. 556; *People* v. *LeBeau*, 218 Mich. 70.

For the reasons stated the case is reversed and a new trial ordered.

FELLOWS, C. J., and WIEST, McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.