PEOPLE *v.* FRONTERA.

1. CRIMINAL LAW—RAPE—PROVING VENUE.

In a prosecution for rape, where the defendant's own testimony shows that the crime was committed in the township in which the venue was laid in the information, his claim that the venue was not proved by competent evidence beyond a reasonable doubt is without merit.

2. SAME—TRIAL—INSTRUCTIONS AS. TO PROVING VENUE.

Where the matter of venue was covered generally in the charge, but not specifically, there was no error, in the absence of a request for more specific instructions.

3. SAME—VIEWING PLACE OF CRIME IN DISCRETION OF COURT.

Where the conditions at the place of the crime had changed

As to discretion of court as to view of place of crime by jury, see notes in 42 L. R. A. 372.

somewhat in the meantime, there was no error in refusing defendant's request that the jury view the place of the crime, the matter being within the discretion of the court.

4. SAME—CROSS-EXAMINATION OF DEFENDANT.
In the prosecution of a white man for the rape of a colored woman, it was permissible cross-examination for the prosecution to ask defendant, "Have you had intercourse with other colored women?" and to take his answer, "Only once, about four years ago."

Error to Oakland; Covert (Frank L.), J. Submitted April 17, 1923. (Docket No. 128.) Decided June 4, 1923.

Charles Frontera was convicted of rape, and sentenced to imprisonment for not less than 5 nor more than 10 years in the State prison at Jackson. Affirmed.

*Nichols, Nichols & Nichols (L. E. Barnett,* of counsel), for appellant.

*A. Floyd Blakeslee,* Prosecuting Attorney, for the people.

CLARK, J. Defendant, 25 years of age, white, was convicted of rape of a colored woman, 26 years of age. The venue is laid in the information as at township of Royal Oak, county of Oakland, State of Michigan. The woman testified that while she was walking toward her home in the township carrying a basket of groceries she was overtaken by defendant, driving a truck, and invited to ride, that she accepted, that defendant drove upon a side road, compelled her to accompany him, compelled her to alight, and that the offense was committed on the road side. There was testimony of her complaints upon arriving at her home, of her tears, of a torn and soiled condition of her clothing, and of bruises on her neck. Defendant

admitted the intercourse, but said that it was at her solicitation, and for a consideration paid in cash. He seeks reversal of the case, contending:

1. That the venue was not proved by competent evidence beyond a reasonable doubt. The testimony of several witnesses shows clearly, we think, that the venue was proved, for it was stated that the place of the crime was about 40 rods from Crooks road in Royal Oak township, Oakland county. Indeed, it appears by defendant's own testimony that the place of the crime was Royal Oak township. It is also said that the jury was, not instructed that the venue must be so proved. The matter was covered generally in the charge, but not specifically. No more particular instruction was requested. For this reason and because of the certainty of the proof on the question we hold the charge in this respect to be not erroneous. See *People* v. *Warner*, 201 Mich. 547; *People* v. *Le Beau*, 218 Mich. 70; and *People* v. *Ayres*, 182 Mich. 241.

2. That the court erred in not granting defendant's request that the jury view the place of the crime. It appearing that conditions at the place had changed somewhat in the meantime the judge refused the request. Permitting a jury to view the place of the crime is discretionary with the court. *People* v. *Winney*, 196 Mich. 347. When conditions had changed such refusal was not an abuse of discretion. *Stewart* v. *Railway Co.*, 89 Mich. 315 (17 L. R. A. 539).

3. That it was error to permit the prosecution over objection to ask defendant on cross-examination: "Have you had intercourse with other colored women?" and to take his answer: "Only once, about four years ago." This was permissible cross-examination. See *People* v. *Cutler*, 197 Mich. 6, where this question is fully discussed and the authorities are reviewed.

We have considered the other questions raised.    No reversible error is found.

Judgment affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, BIRD, SHARPE, and STEERE, JJ., concurred.   MOORE, J., did not sit.