PEOPLE *v.* PETTY.

1. INDICTMENT AND INFORMATION — ASSAULT WITH INTENT TO
RAPE SUFFICIENTLY CHARGED IN LANGUAGE OF STATUTE.
   An information charging, in the language of the statute
   (3 Comp. Laws 1915, § 15212), an assault "with intent to
   commit the crime of rape" upon a female above the age
   of consent, was sufficient, although it did not contain the
   words "by force and against her will," since it, in effect,
   charged an assault with intent to carnally know a female
   under such circumstances as amounted to rape.[1]

2. WITNESSES — WANT OF CHASTITY MAY BE SHOWN — CROSS-
EXAMINATION—ABUSE OF DISCRETION.
   Where one accused of assault with intent to commit rape,
   took the stand in his own behalf and claimed that he,
   a married man, had had intercourse with the prosecutrix
   on other occasions and intimated that he had sustained
   the same relation with her 17-year old sister, there was
   no abuse of discretion in permitting cross-examination as
   to his chastity which went no further than to enlighten
   the jury as to the manner of man they were called upon
   to believe, although it definitely fixed such claim.[2]

3. SAME.
   Where accused offers himself as a witness, he is subject
   to cross-examination the same as other witnesses.[3]

4. RAPE—ASSAULT WITH INTENT TO RAPE—TRIAL—INSTRUCTIONS
—EXTENT OF RESISTANCE REQUIRED OF PROSECUTRIX.
   In a prosecution for assault with intent to commit rape,
   an instruction that the prosecutrix is required to make
   such resistance that either prevents the accomplishment
   of said intent, or resistance to the limit of her ability, was
   not erroneous.[4]

5. SAME—INTENT—GIST OF OFFENSE.
   The gist of the offense of assault with intent to commit
   rape is intent.[5]

---

[1]Rape, 33 Cyc. p. 1447; [2]Witnesses, 40 Cyc. p. 2510; [3]Id., 40
Cyc. p. 2510; [4]Rape, 33 Cyc. p. 1506; [5]Id., 33 Cyc. p. 1432.
   Evidence of other crimes in prosecution for assault with intent
to commit rape, see notes in 62 L. R. A. 228; 48 L. R. A. (N. S.)
236.

6. TRIAL—INSTRUCTIONS—REQUESTS TO CHARGE.
   Requests to charge, which were highly argumentative,
   were properly modified.[6]

7. RAPE—NEW TRIAL—GREAT WEIGHT OF EVIDENCE.
   The denial of a motion for a new trial on the ground
   that the verdict of guilty was against the great weight
   of the evidence, *held*, justified by the record.[7]

Exceptions before judgment from Ottawa; Cross
(Orien S.), J. Submitted January 14, 1926. (Docket
No. 144.) Decided March 20, 1926.

Frank Petty was convicted of an assault with intent
to commit the crime of rape. Affirmed.

*Lokker & Den Herder* and *Lynn J. Lewis,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Fred
T. Miles,* Prosecuting Attorney, for the people.

FELLOWS, J. Defendant here reviews on exceptions before sentence his conviction of assault with
intent to commit the crime of rape. Without detailing it, the testimony of the prosecutrix, who was above
the age of consent, established, if believed, an assault
by defendant upon her with such intent, and her
successful resistance of the same. Defendant gave
testimony in his own behalf, which, if believed, established that he had on previous occasions had illicit
relations with prosecutrix and that on the occasion
in question he went no further than to solicit a
repetition of such relations with no intent to commit
rape. The prosecutrix denied any prior acts of intercourse.

1. The first question which we should consider grows
out of information as filed and an amendment made
to it on the trial. The complaint filed with the

---

[6]Criminal Law, 16 C. J. § 2508; [7]Id., 17 C. J. § 3594.

magistrate, and upon which an examination was had, charged that:

"Heretofore, to wit, on the 24th day of June, A. D. 1925, at the township of Jamestown in the county aforesaid, one Frank Petty did then and there wilfully, unlawfully and feloniously make an assault upon her, the said Ada Hoeve, a female person being then and there over the age of sixteen years, to wit: the age of twenty-two years, by force and against' her will, with intent to commit the crime of rape."

The information as originally filed did not contain the words "by force and against her will," but did allege the assault "with intent to commit upon the person of said Ada Hoeve the crime of rape." After the jury had been sworn, defendant's counsel filed a motion to quash the information, claiming that it was insufficient because of the omission of the words "by force and against her will." The trial judge, doubtless acting under section 15747, 3 Comp. Laws 1915, permitted an amendment to the information by adding these words, and the case proceeded over defendant's objection.

We pass without comment the fact that the motion was not made at the time pointed out by the statute, that under the complaint the prosecuting attorney was authorized in the first instance to file an information containing the words in question and that we have liberal statutes of amendments, and take up at once the question of the sufficiency of the information as originally filed. The crime with which defendant was charged, and of which he stands convicted, is a statutory one, the statute being section 15212, 3 Comp. Laws 1915, which reads as follows:

"If any person shall assault any female with intent to commit the crime of rape, he shall be deemed a felonious assaulter, and shall be punished by imprisonment in the State prison not more than ten years, or by fine not exceeding one thousand dollars."

The original information charges defendant in the language of the statute with an assault "with intent to commit * * * the crime of rape." We need consider but one case to establish the sufficiency of the information. In *Rice* v. *People*, 15 Mich. 9, the information charged an assault with intent to murder; it did not charge the offense to have been committed "feloniously, wilfully and of malice aforethought," and it was insisted that this omission rendered it defective. Mr. Justice COOLEY, considering this objection, said:

"The information charges the defendants with an assault with intent to murder. *Murder* is an offense which the law defines; one of the essential ingredients of which is *malice aforethought*. To charge an intent to kill and murder, is to charge an intent to kill under circumstances which would make the killing amount to murder; that is, with premeditated malice. No further words are necessary to inform the accused of the nature of the charge against him; and if more are essential for any purpose, it can only be for technical reasons."

So we say, as applied to the case before us, where the female is above the age of consent, rape is the carnal knowledge of the female by force and against her will, and the charge of an assault with intent to commit rape is a charge of an assault with intent to carnally know the female under such circumstances as to amount to rape. The recent case of *People* v. *Donovan*, 228 Mich. 149, is clearly distinguishable. In that case it did not appear that there had been an examination or what the complaint contained, the information did not follow the statute, charged no statutory crime or any crime known to the law. It, therefore, could not be amended. There was nothing to amend by.

2. Objection is made to the extent to which the court permitted cross-examination of defendant. Some of the earlier decisions of this court give color to de-

fendant's contention, but in *People* v. *Cutler*, 197 Mich. 6, this court reviewed the cases and held (we quote from the syllabus) :

"It is permissible, within the discretion of the court, to discredit a witness, upon cross-examination, by showing the witness' want of chastity."

This court has since that case consistently followed this rule.    See *Hendrickson* v. *Harry*, 200 Mich. 41; *People* v. *Frontera*, 223 Mich. 258.    We are not persuaded the trial judge abused his discretion in permitting the cross-examination.    Defendant's own testimony invited it.    Not only was it his claim that he, a married man, had had intercourse with prosecutrix on other occasions, but he quite broadly intimated that he had sustained the same relations with her 17-year-old sister.    The cross-examination definitely fixed such claim.    Defendant offered himself as a witness and was subject to cross-examination the same as other witnesses.    The cross-examination went no further than to enlighten the jury as to the manner of man they were called upon to believe.

3. Considerable space is taken in the brief of defendant in the discussion of the question of resistance of the prosecutrix.    It must be borne in mind that the charge is not rape, and, from what has already been said, the prosecutrix successfully foiled defendant's assaults upon her.    That she did not tear his clothes, scratch his face, pull his hair or break any furniture in so doing, as defendant insists she should have done, appears to us not controlling.    She testifies :

"I tried to kick him and push him with my hands. I told him all the time to quit, told him I would get him arrested if he didn't quit, but he didn't say anything and he didn't quit either.   *   *   *   He put me on the couch.    He tried to get on me but I tried to get off.    I fought with him and prayed to God to help me.    I struck him in the face and pushed him on his shoulders."

There is other testimony showing that from first to last she resisted his attempts and prevented the accomplishment of his purpose.    Her resistance was adequate to the occasion.    The portion of the charge most vigorously assailed is as follows:

"The resistance that a woman is required to make in a case like this is such resistance that either prevents the respondent from accomplishing his intent, or resistance to the limit of her ability, so that if you find from the evidence in this case, and beyond a reasonable doubt, that Ada Hoeve resisted the respondent sufficiently to prevent his successfully accomplishing the crime of rape upon her, that is the only resistance that she was required to make."

This instruction was not erroneous.    It was clearly justified by the holding of this court in *People* v. *Marrs,* 125 Mich. 376.    The gist of the offense was intent. The instruction quoted went fully as far as defendant was entitled to, and in other portions of the charge, not necessary to quote, defendant's rights were abundantly protected.

4. Error is assigned on the refusal to give some of defendant's requests, to the modification of others, and to the charge as given.    Defendant's requests were in the main highly argumentative; those so tainted were properly modified.    We find none refused which should have been given.    The charge given *sua sponte* was eminently fair to defendant, and several of his requests which were given were much more favorable than he was entitled to.    The case was carefully tried and we discover no reversible error upon the trial.

5. A motion for a new trial was made which included the ground that the verdict was against the weight of the evidence.    This was denied.    We find no reason to disagree with the conclusion of the trial judge.    The testimony of the two principals to the transaction was in direct conflict.    The trial judge saw the witnesses, heard their testimony, and con-

cluded that there was no reason to disturb the verdict. A careful reading of this record leads us to the same conclusion.    Defendant has had a fair trial.

The exceptions are overruled and the case remanded for judgment.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.