PEOPLE v. DESIMONE.

1. CRIMINAL LAW—ARGUMENT OF COUNSEL—FAILURE TO INSTRUCT.
   Where, in a prosecution for murder, the prosecuting attorney, in his argument to the jury, referred to testimony not in the record, and, on objection thereto, the court so stated, failure of the court to *sua sponte* instruct the jury to disregard the statement was not reversible error, in the absence of any request at the time or later for such instruction.

2. SAME—SAVING QUESTION FOR REVIEW.
   Where the prosecuting attorney made improper argument, to which objection was made, but no request was made, either at the time or later, for instructions to the jury to disregard it, the point was not saved for review.

3. SAME—REMARKS OF COURT NOT PREJUDICIAL.
   Where, in a prosecution for murder, an Italian witness stated he could not speak well in English, and asked for an interpreter, a statement by the court that "you are living in America; you better testify in English; this is not Italy" was not prejudicial because defendant was also an Italian.

Error to superior court of Grand Rapids; Verdier (Leonard D.), J.    Submitted June 27, 1928.    (Docket No. 148, Calendar No. 33,765.)    Decided July 24, 1928.

Giacona Desimone was convicted of murder in the first degree, and sentenced to imprisonment for life in the State prison at Jackson.    Affirmed.

*Allen W. Kent,* for appellant.

*Wilber M. Brucker,* Attorney General, and *Earl W. Munshaw,* Prosecuting Attorney, for the people.

WIEST, J.    Defendant was convicted of murder in

the first degree and prosecutes' review by writ of error.

Defendant is an Italian, and, at the city of Grand Rapids, on May 30, 1927, shot and killed Cicero Vitale, another Italian.   Some time later defendant was arrested in New York City, and there made two statements in writing relative to the shooting, one of which was in evidence at the trial.

In his closing argument to the jury the prosecuting attorney stated:

"The testimony in this case is clear that the respondent deliberately and premeditatedly went out and armed himself, as appears by the statement made in New York."

To this counsel for defendant made the following objection:

"I object to that statement as highly prejudicial. There is absolutely not a word of proof in this record as to the contents of any statement made in New York that he deliberately went out and armed himself; and I claim, if your honor please, that it is fatally prejudicial—the statement of the prosecutor of this county to this jury.   It is not in evidence in this case and never has been."

The court ruled:

"Well, it is true, there is no such testimony as that. However, the jury can remember just as well as we do what the testimony is.   If the prosecutor says that such a thing did happen, and there is no testimony to confirm it, why, they know."

The argument was improper, the ruling correct, but the "however" remark unfortunate.

We are asked to hold that the failure of the court to *sua sponte* instruct the jury to disregard the statement of the prosecutor constituted reversible error. Counsel did not challenge the attention of the court to need of such a direction, nor did he prefer any request later on the subject.

In *Heck* v. *Henne*, 238 Mich. 198, we said:

"We find no subsequent request for or any instruction given on the subject. To save the point for review, it was necessary not only to take an exception, but to also request the court, either then and there, or in final instructions, to instruct the jury to disregard the improper argument. *Spencer* v. *Johnson,* 185 Mich. 85; *People* v. *Maczulski,* 194 Mich. 193; *Walz* v. *Insurance Co.,* 221 Mich. 326; *Genack* v. *Gorman,* 224 Mich. 79."

The name of Vincenzo Candela was indorsed on the information. The prosecutor did not care to use him as a witness, but called him to enable counsel for defendant to cross-examine. Candela asked for an interpreter, stating that he could not speak well in English and "sometimes I can't catch some words." The court evidently thought the witness could understand and speak English and stated:

"You are living in America; you better testify in English; this is not Italy."

An exception to the remark brought forth the following:

"You may have all the exceptions you please; that is my position. * * * No reflection on the witness. I simply said being in America he should testify in the English language. I think he can do so."

Defendant being an Italian, it is claimed the remarks were prejudicial, especially if the tone of their utterance be considered. The printed record does not carry the tone. We can, of course, fit a tone to the remarks, but do not care to indulge in such joinery. The remarks do not call for reversal. It was probably but the usual incident of timidity exhibited in court by persons of foreign birth.

We find no reversible error, and the conviction is affirmed.

FEAD, C. J., and NORTH, FELLOWS, CLARK, McDONALD, and SHARPE, JJ., concurred. POTTER, J., did not sit.