PEOPLE *v.* DIMITROFF.

1. CRIMINAL LAW—INDECENT LIBERTIES—IDENTIFICATION—EVIDENCE.
   In prosecution for taking indecent liberties with a girl under the age of 16 years, evidence *held,* to have presented a question of fact as to matter of identification of defendant and to have been sufficient to show him guilty beyond a reasonable doubt (Act No. 328, § 336, Pub. Acts 1931).

2. NEW TRIAL—DELAYED MOTION—APPEAL TO SUPREME COURT—LEAVE TO REMAND.
   A trial judge may not consider a delayed motion for a new trial made over eight months after case has been appealed to the Supreme Court, without first leave being granted to remand the case to the trial court for that purpose.

3. SAME—INDORSEMENT OF NAMES OF WITNESSES.
   The failure to indorse the names of *res gestae* witnesses on the information cannot be raised for the first time on a motion for a new trial.

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am. Jur., Evidence, § 1222.
[2] 39 Am. Jur., New Trial, §§ 6, 14, 157.
[2] Jurisdiction to entertain motion for new trial pending appeal. 27 A.L.R. 1091.
[3] 27 Am. Jur., Indictments and Informations, § 43.
[4] 39 Am. Jur., New Trial, §§ 198, 202.

4. SAME—CUMULATIVE TESTIMONY—DISCRETION OF COURT.

Trial judge's refusal to grant new trial to defendant convicted of taking indecent liberties with a girl under the age of 16 years is not disturbed, where motion was based largely on affidavits of four persons whose testimony would have been merely cumulative, since the denial of a new trial was not, under the circumstances, an abuse of discretion.

5. CRIMINAL LAW—EXAMINATION OF DEFENDANT'S WIFE—INSTRUCTIONS—CREDIBILITY.

Complaint as to examination of wife of defendant, charged with taking indecent liberties with a girl under 16 years of age, held, without merit, where court instructed jury that examination of wife as to her divorce from defendant related only to her credibility.

6. SAME—ALIBI—EVIDENCE—REBUTTAL—TIME.

Where defendant, in support of alibi, claimed that he had loaned his car and that it had not been returned until evening of afternoon on which crime of taking indecent liberties with girl under age of 16 years was alleged to have been committed some 7 to 9 miles from his home in Detroit and his son first testified that car had been returned the evening before and later that it was returned the evening after the crime, rebuttal testimony of policewoman as to what had been said held, properly admitted.

Appeal from Recorder's Court of the City of Detroit; Stein (Christopher E.), J. Submitted April 15, 1948. (Docket No. 70, Calendar No. 43,452.) Decided May 18, 1948. Rehearing denied June 29, 1948.

Michael Dimitroff was convicted of taking indecent liberties with a female child. Affirmed.

*Seymour A. Jacobs* (*Person & Searl,* of counsel), for appellant.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *James N. McNally,* Prosecuting Attorney, and *Robert Newton Smiley* and *Herbert Burdick,* Assistant Prosecuting Attorneys, for the people.

BUTZEL, J.   Defendant was charged with taking indecent liberties with a female child under the age of 16 years.  Act No. 328, § 336, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–336, Stat. Ann. § 28.568).  He was convicted by a jury and sentenced to a term of from 2 to 10 years.  The prosecuting witness, whom we shall refer to as the little girl, was eight years of age.  There was testimony that on a Saturday afternoon she and two other children of the ages of 9 and 10 years attended a motion picture show situated on Plymouth road in the city of Detroit between seven and nine miles from defendant's home at 2628 Bagley avenue, Detroit.  The little girl with her two companions had seats in the middle of the theater, she sitting next to the man alleged to be defendant, with her two companions the other side of her.  An aviation picture was being shown and the man began to explain it to her.  She claims that he commenced to feel her all over, that he took her hand and put it on him "some place" and then put his hand under her dress, moved it about, et cetera.  This continued for 10 minutes.  He then gave her a dollar bill and told her to buy some candy.  The woman at the candy counter, upon being told by the child how she obtained the money, called the usher, a boy of 16 years of age, and directed the little girl to point out the man to the usher.  The latter accompanied the girl to the place where the man was sitting and she pointed him out.  Shortly thereafter the man told the little girl that he was going out to get a drink.  He did not return.  However, on his way out of the theater the usher pointed out the man to the woman in charge of the candy counter, and also to her husband, the manager of the theater, who was just coming in at the time.  All three had a good look at him.

When the little girl arrived home she told her father, a member of the police force, what had happened.  Police officers went to the home of the usher,

showed him a number of photographs, and he identified one of them as the man whom the little girl had pointed out. Officers thereupon went to the home of defendant, and found him in bed with his wife, who at the time was suing him for a divorce. At the police show-up, when five men were lined up before her, the little girl failed to positively identify defendant. Later the same day she was in the same room with defendant at police headquarters and she said she was not sure defendant was the man. In fact, she was not able to identify him at first at the examination. At the trial she positively stated that he was the man. The usher, the manager of the theater and the woman who ran the candy counter were positive in their identification. No testimony whatsoever was elicited either by the prosecution or the defendant as to how the police came into possession of the photograph of the defendant prior to his arrest in the instant case. Defendant testified that he had never theretofore been arrested and convicted.

Defendant claimed an alibi and he, his wife, his son, and four other witnesses gave testimony to prove the alibi. He owns the premises where he lives. He has a hat-cleaning and shoe-shining shop in front and lives in the rear. His wife lives upstairs. He works the entire week in a meat-packing plant except on Saturdays, which day, together with evenings, he devotes to his hat-cleaning and shoe-shining business. He testified that that Saturday was a busy day and that many customers came to his place. He employs no help.

A plain question of fact was presented as to the matter of identification. The jury brought in a verdict of guilty. We cannot say that the verdict was not supported by sufficient evidence so as to show defendant was guilty beyond a reasonable doubt. The jury was the judge of the credibility of the witnesses.

Numerous errors are assigned. Defendant particularly stresses the fact that the prosecution failed to indorse on the information the names of the two companions who sat next to the little girl in the theater, but did not appear at the trial so far as the record shows. There was no showing of any kind as to what, if anything, the two companions of the little girl could have testified to as far as the identification of defendant is concerned. It is contended merely that they are *res gestae* witnesses. No objection whatsoever was made as to the failure to make such indorsements until defendant made a delayed motion for a new trial months after the case had been appealed to this Court. The trial court denied the motion, but with the reservation and understanding that the question raised might be submitted by defendant together with other questions raised in the application for leave to appeal without the formality of amending his application for leave to appeal or of petitioning this Court to remand the case for the purpose of allowing defendant to make a motion for a new trial on this particular ground.

A trial judge may not consider a delayed motion for a new trial made over eight months after the case has been appealed to this Court without first leave being granted to remand the case to the trial court for that purpose. *Hughes* v. *Wayne Circuit Judge,* 239 Mich. 110; *Morris* v. *Radley,* 306 Mich. 689, 698. Also, see annotation in 139 A. L. R. 340. The failure to indorse the names of *res gestae* witnesses on the information cannot be raised for the first time on a motion for a new trial. *People* v. *Prescott,* 268 Mich. 606.

Defendant had previously made a timely motion for a new trial based largely on affidavits of four additional persons stating facts to prove the truth of the alibi. The judge refused to grant a new trial. This was largely within his discretion. The testi-

mony would have been merely cumulative and, in view of the evidence at the trial, we shall not interfere with the trial judge's ruling as there was no abuse of discretion.

Another claim of error is based upon the examination of defendant's wife who was securing a divorce from him. She volunteered the information that she had divorced her husband and therefore had no reason to tell anything but the truth. Defendant's attorney asked her to tell about the divorce, whereupon the attorney for the prosecution objected and the court ruled that the divorce case should not be gone into, that he did not want to hear about it. Thereupon defendant's attorney stated: "I want to go into her credibility." Upon cross-examination, the witness testified that she divorced her husband around Christmas, 1945. The judge then stated that he would admit testimony in regard to the divorce inasmuch as the parties were cohabiting after the bill was filed and before a decree was granted. The attorney for the prosecution stated that defendant had opened the door for this testimony and defendant's attorney said, "Go ahead, that is all right." Evidently defendant's attorney changed his mind and asked the court to instruct the jury that this testimony had nothing to do with the case. The court so instructed the jury, saying that the testimony only went to the credibility of the witness. Under these circumstances, we cannot see how the defendant can possibly complain, though in his brief he complains about the judge's failure to charge as to this testimony. Defendant's attorney stated at the conclusion of the charge to the jury that he felt the judge had covered the case very comprehensively therein and was satisfied with it.

Further error is claimed because a question arose as to whether defendant had possession and control over an automobile on the day in question. It seems

that the car had been loaned to a soldier. It was first claimed that it had been returned Saturday evening, the day on which the crime was alleged to have been committed. This tended to show that defendant did not have the use of his car so that he could not have driven to the theater and back. Defendant's son testified that although he told the policewoman that the car was returned on Friday night, he later found out that he was mistaken and that the car had not been returned until Saturday night. The policewoman called in rebuttal testified as to what had been said. She was not called to impeach the witness. The testimony was properly received. The last question as well as others raised have absolutely no merit and do not deserve discussion.

Judgment of conviction is affirmed.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred.