## PEOPLE v. AMOS.

1. CRIMINAL LAW—ALIBI WITNESSES—CREDIBILITY.
    Trial court, which heard 2 alibi witnesses for the defendant in a
    prosecution for robbery unarmed—one testifying that the de-
    fendant was observed at his home 5 hours before and 2 hours
    after the robbery took place, the second testifying that the
    defendant was not the robber because the witness observed the
    robbery take place, although she did not report the incident
    until several days after defendant was arrested and she ad-
    mitted knowing the defendant through her boyfriend—and
    · which also heard complainant's definite identification of defend-
    ant as the robber, *held*, to have applied the correct rules as to
    the substantive weight given alibi witnesses, since alibi testi-
    mony is not always sufficient to create doubt where other sub-
    stantial evidence is present (CL 1948, § 750.530).

2. SAME—NEWLY DISCOVERED WITNESSES—NEW TRIAL.
    Defendant, who was found guilty of robbery unarmed, is not en-
    titled to a new trial on grounds that he now has 3 newly dis-
    covered witnesses whose testimony could result in his acquittal,
    where record showed the defense knew of the existence of these
    witnesses before trial (CL 1948, § 750.530).

3. SAME—INDORSED WITNESSES—NEW TRIAL.
    The failure of the prosecution to indorse the names of *res gestae*
    witnesses on an information cannot be raised for the first time
    on a motion for new trial.

REFERENCES FOR POINTS IN HEADNOTES
[1]  53 Am Jur, Trial § 652 *et seq.*
[2]  39 Am Jur, New Trial § 159.
[3, 4]  27 Am Jur, Indictments and Informations §§ 43, 46, 150.
[5]  5 Am Jur 2d, Appeal and Error § 867.
[6]  31 Am Jur, Jury § 42 *et seq.*

4. SAME—INDORSED WITNESSES—KNOWLEDGE OF WITNESSES BEFORE TRIAL.

Failure of the prosecution to indorse the names of *res gestae* witnesses is not a violation of statute which protects an accused against suppression of testimony or against false accusations, where witnesses were known to defendant prior to trial (CLS 1961, § 787.40).

5. APPEAL AND ERROR—SUBSTANTIAL RIGHTS—MISCARRIAGE OF JUSTICE.

The Court of Appeals will not reverse a criminal conviction unless it is satisfied that there was error committed which has deprived a defendant of substantial rights or has resulted in a miscarriage of justice (CL 1948, § 769.26).

6. CONSTITUTIONAL LAW—RIGHT TO JURY TRIAL—WAIVER—ASSISTANCE OF COUNSEL.

Defendant who was convicted of robbery unarmed after signing a formal waiver of his constitutional right to a jury trial *held*, to have voluntarily, intelligently, and in the exercise of his own free will, waived the right, where the defendant was questioned by the trial court and expressly waived the right, and was represented by counsel throughout the proceedings (Const 1963, art 1, § 14; CL 1948, § 750.530).

Appeal from Recorder's Court of Detroit; Gillis (Joseph A.), J. Submitted Division 1 December 5, 1967, at Detroit. (Docket No. 3,136.) Decided March 29, 1968.

Dewitt Amos, Jr., was convicted of robbery unarmed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Gerald F. Wigle,* for defendant on appeal.

FITZGERALD, J.  Complainant was robbed at 5:30 in the morning of July 16, 1966, by 3 men, of several credit cards, a paycheck, a watch, and $22 in cash on Pingree near 12th street in the city of Detroit.  Defendant was apprehended at a department store on July 18, 1966, when he attempted to purchase sportswear from that store by use of a credit card bearing complainant's name.  On July 19, 1966, defendant was placed in a lineup at Detroit police headquarters and then identified by complainant as one of the assailants.

The defendant was convicted by the recorder's court, sitting without a jury, of the offense of robbery unarmed, CL 1948, § 750.530 (Stat Ann 1954 Rev § 28.798).  He appeals that decision to this Court, alleging the following errors:

(1) That the trial court erred in failing to apply the correct rules as to the substantive weight to be given to an alibi defense witness when considering the burden of proof placed upon the prosecution.

(2) That the defendant should have a new trial because he was first informed of the existence of other eyewitnesses to the robbery at the trial and their testimony would allegedly result in his acquittal.

(3) That the finding of the trial court was against the great weight of the evidence.

(4) That defendant did not voluntarily waive his constitutional right to a jury trial, thus entitling him to a new trial or to a hearing to determine the issue of voluntariness of his waiver.

Defendant offered 2 alibi witnesses on his behalf in an effort to create a reasonable doubt as to his alleged guilt.  To determine whether the trial court erred in his finding that there was no reasonable doubt that defendant did the act, we examine the testimony of these 2 witnesses.  Mrs. Fitzpatrick

was defendant's landlady and she testified that she talked with defendant between 11:30 and 12 p.m. at the apartment house, this being 5 hours before the robbery took place, and that she awoke him at 7:30 a.m., or 2 hours after the robbery took place. On cross-examination she admitted that she went to bed at 12 p.m. and did not wake until 7:30 a.m. when defendant was in bed. This testimony did not raise sufficient doubt that defendant could have been at the scene of the robbery.

Vicki Alexander knew defendant prior to the incident, since he was a friend of her boyfriend. She notified defendant's parole officer several days after defendant was arrested, stating that she saw the robbery take place. Defendant called her as an alibi witness, and she stated that she saw 2 men and 2 women rob the complainant, and that defendant was not one of the men.

The court heard both of these witnesses and we find that he assigned the correct value to their testimony as to the creation of a reasonable doubt. The court was in the best position to evaluate the credibility of the testimony of the complainant, and we do not find that such doubt was created by the testimony of these 2 witnesses that the court erred in finding that the prosecution met its burden. The testimony of an alibi witness is to be given weight, relative to its content, and it is not always sufficient to create doubt where other substantial evidence is present, e.g., as in this case, complainant's definite identification of defendant. Where, as in the present case, the identification of defendant was made by the complainant and it is not clearly shown by the defense that the identification was vague, doubtful, or uncertain, then we cannot hold that any alibi evidence, no matter how scant, is sufficient to create a reasonable doubt as to the identity of the defendant.

The trial began on November 2, 1966, but was adjourned at the request of defendant to November 4, 1966, so that all witnesses could be present. A discussion was had on November 2 concerning the absent Miss Alexander.

*"Defendant's counsel:* May I interrupt the court a minute to say, I have discussed it with the detectives in the case—*we have discussed the cook and other people*—and, on my recommendation, the detectives did go to the scene and did interview these various people *who I was told knew* about it.

*"The Court:* Where is the officer in charge?

*"Mr. Eggleton (for the people):* He is here, your Honor.

*"The Court:* Did you interview the two alibi witnesses?

*"The officer:* I interviewed one myself, and my partner interviewed the other.

*"Mr. Eggleton:* The address of Vicki Martin or Vicki Alexander is 2220 Oakman boulevard.

*"Defendant's counsel:* She said she would be here and *bring the cook with her who is supposed to have seen the hold-up—I believe he told the detective he saw the hold-up."* (Emphasis supplied.)

The defendant now presents an affidavit to this Court stating that he has the names of 3 eyewitnesses. Testimony was given at the trial concerning the existence of these persons. Defendant claims that these persons, a cook and 2 waitresses, are newly discovered witnesses and that their testimony, if given, could have resulted in his acquittal.

We refer to a statement made by defendant in his brief to this Court:

"The defendant did not know of the existence of these three witnesses until their identity became known upon the trial."

Reference to the record given above does not bear out this allegation of such surprising suddenness of identity that defendant could not make use of these witnesses in his case.

He also alleges, for the first time on this appeal, that the people should have indorsed the name of the cook on the information. We refer to 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 342, p 411:

"Where no motion was made to require the indorsement of additional names on the information, the failure of the prosecuting attorney to add such names does not constitute error." (Citing *People* v. *Prescott* [1934], 268 Mich 606.)

and at section 343, p 416:

"The failure to indorse the names of *res gestae* witnesses on an information cannot be raised for the first time on a motion for a new trial." (Citing *People* v. *Dimitroff* [1948], 321 Mich 205.)

Defendant should have made a motion to indorse these witnesses and because of his failure to do so it cannot be said that there was a denial of defendant's statutory right to have eyewitnesses so indorsed. CLS 1961, § 767.40 (Stat Ann 1968 Cum Supp § 28.980). There is no question here but that these witnesses who were allegedly *favorable* to defendant's case were known to him prior to the trial and there is no violation of the express purpose of the statute which is to protect an accused against suppression of testimony or against false accusations which might have been unfavorable to him. See *People* v. *Dickinson* (1966), 2 Mich App 646. Also, see *People* v. *Semchena* (1967), 7 Mich App 302, wherein the syllabus states:

"Failure of the prosecution to call a witness whom it knows will give testimony favorable to an accused

requires a grant of a new trial, *where such knowledge was not known by the defense."* (Emphasis supplied.)

We are convinced that the trial court correctly based his decision on the evidence presented to him and we do not find reversible error in his determination that defendant engaged in this robbery. The finding of the trial court will not be reversed by this Court unless we are satisfied that there was error committed that has deprived the defendant of substantial rights or has resulted in a miscarriage of justice. See *People* v. *Fred W. Thomas* (1967), 7 Mich App 519; CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096). We do not find such error here.

Defendant signed a formal waiver of his constitutional right to a jury trial* and the waiver appears in the record before this Court. He also responded as follows to questions by the trial court before the trial began:

*"The Court:* You decided to be tried by the court without a jury?
*"Defendant:* Right.
*"The Court:* And you signed a written waiver to that effect?
*"Defendant:* Yes, sir.
*"The Court:* That was your decision, not Miss Lippman's? [defendant's counsel].
*"Defendant:* Right.
*"The Court:* Very well, written waiver having been signed and filed, defendant may be granted a trial by the court without a jury."

In this appeal, defendant alleges that he did not voluntarily, intelligently, and in the exercise of his own free will, waive his right to a jury trial. Obscure references are made by defendant to pressures "magnified to incapacitating intensity when

---

* Const 1963, art 1, § 14.

focused upon an unsophisticated and unexperienced defendant such as we have in this case". We are not given any details as to these invidious pressures, and remembering that this "unexperienced" defendant was represented by counsel throughout these proceedings, we find that his waiver of a jury trial was voluntarily made.

Affirmed.

LESINSKI, C. J., and McGREGOR, J., concurred.