PEOPLE *v.* MILLS

1. INDICTMENT AND INFORMATION—WITNESSES—DUTY OF PROSECU-
TION TO INDORSE—APPEAL AND ERROR.

> Failure of prosecution to indorse the names of the arresting
> officers on an information for rape as *res gestae* witnesses *held,*
> not reversible error where the arrest was made two months
> after the alleged offense and therefore the officers were not
> *res gestae* witnesses and where the defendant failed to raise
> the point at trial even though he knew of the existence of
> these witnesses before trial.

2. TRIAL—SUMMATION TO JURY—APPEAL AND ERROR—SAVING QUES-
TION FOR REVIEW.

> Defendant's contention that the prosecutor's summation to the
> jury was prejudicial will not be considered on appeal where
> defendant failed to object to it at the time of trial or ask
> for cautionary instructions.

Appeal from Wayne, George T. Martin, J. Sub-
mitted Division 1 January 10, 1969, at Detroit.
(Docket No. 4,794.)    Decided February 26, 1969.
Rehearing denied April 2, 1969.

Ernest Mills, also known as Melvin R. Welsh, was
convicted of rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-

REFERENCES FOR POINTS IN HEADNOTES
[1]  41 Am Jur 2d, Indictments and Informations §§ 56, 60.
[2]  5 Am Jur 2d, Appeal and Error § 624 *et seq.*

pellate Lawyer, and *Joseph C. Murphy,* Assistant Prosecuting Attorney, for the people.

*James A. Sullivan,* for defendant.

BEFORE: LESINSKI, C. J., and J. H. GILLIS and T. M. BURNS, JJ.

PER CURIAM. Ernest Mills, alias Melvin R. Welsh, was convicted by a jury of rape, CLS 1961, § 750.520 (Stat Ann 1954 Rev § 28.788). He appeals the denial of a motion for a new trial.

Defendant's contention that the verdict was against the great weight of the evidence is not supported by the record. Complainant and defendant each testified and each was supported by friendly witnesses. Their stories were in direct conflict as to whether or not complainant consented to the intercourse, and the jury, having seen and heard the witnesses, was entitled to choose which side to believe. *People* v. *Bonowski* (1951), 330 Mich 120, 129. The trial judge also viewed the witnesses and elected not to disturb the verdict. *People* v. *Petty* (1926), 234 Mich 282. We will not do so on the basis of the record before us.

Defendant contends on appeal that there was error in the failure of the prosecutor to endorse certain *res gestae* witnesses on the information. CLS 1961, § 767.40 (Stat Ann 1969 Cum Supp § 28.980). A review of the record reveals that the witnesses who were not endorsed were arresting officers who arrested the defendant some two months after the alleged offense. We do not find these to be *res gestae* witnesses. Assuming *arguendo* these were *res gestae* witnesses, defendant cannot raise this point on motion for new trial or on appeal for the first time when he was aware that these witnesses

did exist. *People* v. *Rasmus* (1967), 8 Mich App
239; *People* v. *Dimitroff* (1948), 321 Mich 205.

Defendant further contends that the prosecutor's
summation to the jury was prejudicial. The prose-
cutor's summation was perhaps overzealous, but we
do not find that it prejudiced the jury against de-
fendant. Since defendant did not object at time of
trial or ask for cautionary instructions, we will not
consider this assignment of error for the first time
on appeal. See *People* v. *Desimone* (1928), 243 Mich
539.

Affirmed.