PEOPLE v. CHEEKS

ROBBERY—EVIDENCE SUFFICIENCY—IDENTIFICATION.
> There was sufficient evidence to sustain a verdict finding defend-
> ant guilty of unarmed robbery beyond a reasonable doubt
> although the complaining witness was not asked to identify
> defendant at trial and did not definitely state that he had
> robbed her where three police officers were eyewitnesses to
> the robbery, defendant was apprehended within ten minutes
> of the crime, wearing the same distinctive clothes in which
> he was seen at the time of the crime, and he was positively
> identified at trial by one of the police officers (MCLA
> § 750.530).

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 June 18, 1970, at Detroit. (Docket No. 7,722.) Decided July 31, 1970.

Melvin Cheeks was convicted of unarmed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*William R. Stackpoole,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
46 Am Jur, Robbery §§ 50–54.

Before: LESINSKI, C. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM. Defendant was convicted in a non-jury trial of unarmed robbery, MCLA § 750.530 (Stat Ann 1954 Rev § 28.798). The single issue on appeal is whether there was sufficient evidence for the court to find defendant guilty beyond a reasonable doubt.

Defendant claims that because the 80-year-old complaining witness was not asked to identify him at trial and did not definitely state that he had robbed her, there was insufficient evidence for conviction. However, three police officers in a squad car were eyewitnesses to the robbery. He was apprehended within ten minutes of the crime wearing the same distinctive clothes in which he was seen at the time of the crime. He was positively identified at trial by one of the police officers.

"The finding of the trial court will not be reversed by this Court unless we are satisfied that there was error committed that has deprived the defendant of substantial rights or has resulted in a miscarriage of justice." *People* v. *Amos* (1968), 10 Mich App 533; *People* v. *Fred W. Thomas* (1967), 7 Mich App 519.

No such error was committed in this case. A review of the transcript shows sufficient evidence, if believed by the court, to sustain the verdict of guilty beyond a reasonable doubt. *People* v. *Weems* (1969), 19 Mich App 553.

Affirmed.