PEOPLE *v.* WHITMORE

1. WITNESSES—RES GESTAE WITNESS—MERE PRESENCE.

   Mere presence of persons in a store at the time the defendant allegedly committed a crime, uttering and publishing, does not make the persons *res gestae* witnesses; the persons may not have actually witnessed the crime.

2. INDICTMENT AND INFORMATION—WITNESSES—RES GESTAE WITNESS —UNKNOWN WITNESSES—INDORSEMENT.

   The duty to indorse witnesses on the information does not extend to witnesses not known to the prosecution at the time of filing the information (MCLA § 767.40).

3. INDICTMENT AND INFORMATION—WITNESSES—RES GESTAE WITNESS —INDORSEMENT—CUMULATIVE TESTIMONY.

   The prosecution's failure to indorse on the information the name of a witness whose testimony would be merely cumulative is not error.

Appeal from Kalamazoo, Wade Van Valkenburg, J. Submitted Division 3 January 6, 1971, at Grand Rapids. (Docket No. 8485.) Decided January 27, 1971.

John Jack Whitmore was convicted of uttering and publishing. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Stewart D. Fenner, Jr.,* Assistant Prosecuting Attorney, for the people.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 723, 724.
[2, 3] 41 Am Jur 2d, Indictments and Informations § 60.

*Brown, Colman & DeMent,* for defendant on appeal.

Before: Holbrook, P. J., and McGregor and T. M. Burns, JJ.

Per Curiam. Defendant was found guilty of uttering and publishing[1] at the conclusion of a jury trial and was sentenced to from 5 to 14 years in prison.  On appeal there are three assignments of error.

I

Defendant contends that the circuit court should have granted his motion for dismissal at the close of the people's case because of the prosecution's failure to indorse the names of all the claimed *res gestae* witnesses present in the store at the time of the offense.

All known *res gestae* witnesses were made available at trial.  The plaintiff does not deny that other people were in the store at the time of the incident, but their mere presence does not make them *res gestae* witnesses to the crime.  Defendant does not assert that these other persons did actually witness the transaction in question, but only that they may have witnessed it.  In all likelihood, the testimony of any other witness in the store would have been merely cumulative at most.

The statute, MCLA § 767.40 (Stat Ann 1970 Cum Supp § 28.980), does not extend to "witnesses" not known to the prosecuting attorney at the time of filing the information.  *People* v. *Fleisher* (1948), 322 Mich 474.  Nor is it error if the prosecutor fails to indorse on the information the name of a witness whose testimony would be merely cumulative.

---

[1] MCLA § 750.249 (Stat Ann 1962 Rev § 28.446).

*People* v. *Cooper* (1950), 326 Mich 514. Defendant could have, but failed to request names of the additional witnesses to be indorsed on the information. *People* v. *Amos* (1968), 10 Mich App 533. There is no reversible error as to issue I.

## II

Defendant argues that the trial court committed reversible error by giving instructions that were incomplete and misleading to the jury. A review of the record indicates that the charge was adequate and fair and we determine that the defendant was not prejudiced by the charge. Under the facts in this case, since defendant made no objection at the time the instructions were given he must be said to have waived his right to object on appeal. GCR 1963, 516.2; *People* v. *Floyd* (1968), 15 Mich App 284, 288, 289.

## III

Defendant's final argument is that the trial court's failure to provide defense counsel with a copy of the presentence investigation report was a violation of his constitutional right to effective counsel under the Sixth and Fourteenth Amendments of the United States Constitution and of article I, § 20 of the Michigan Constitution. This issue was dealt with in *People* v. *Camak* (1967), 5 Mich App 655, 661–663, where this Court held that the failure of defendant's attorney to request permission to examine the report (as in the instant case) precludes defendant from raising this issue on appeal. See also *People* v. *Charles Williams* (1969), 19 Mich App 544.

Affirmed.