## PEOPLE *v.* GREEN

1. CRIMINAL LAW—PROSECUTOR'S REMARKS—IMPROPER REMARKS—
   RESPONSE TO DEFENSE COUNSEL.
   A prosecutor's remarks, even if improper, do not constitute reversible error where made in response to issues raised by defense counsel.

2. CRIMINAL LAW—PROSECUTOR'S REMARKS—APPEAL AND ERROR—
   PRESERVING QUESTIONS.
   The defendant's failure to object to allegedly improper remarks of the prosecutor precludes review of the issue unless a cautionary instruction to the jury would not have cured any prejudice arising from the remarks.

3. TRIAL—LIMITING COUNSEL'S ARGUMENT—DISCRETION.
   A trial judge may limit the arguments of counsel; when exercising such power the trial judge has wide discretion.

4. INDICTMENT AND INFORMATION — WITNESSES — INDORSEMENT —
   PRESERVING QUESTIONS — MOTION FOR NEW TRIAL.
   Prosecutor's failure to indorse a *res gestae* witness cannot be raised for the first time on a motion for a new trial.

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted Division 1 March 31, 1971, at Detroit. (Docket No. 10701.) Decided May 27, 1971. Leave to appeal denied, 386 Mich 769.

James N. Green was convicted of assault with intent to do great bodily harm less than murder. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 468.
[2] 53 Am Jur, Trial § 505.
[3] 53 Am Jur, Trial § 460.
[4] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Marshall C. Disner,* for defendant on appeal.

Before: J. H. Gillis, P. J., and Fitzgerald and T. M. Burns, JJ.

Per Curiam. Defendant was charged with assault with intent to murder, MCLA § 750.83 (Stat Ann 1962 Rev § 28.278), and found guilty by a jury of assault with intent to do great bodily harm less than murder. MCLA § 750.84 (Stat Ann 1962 Rev § 28.279). Defendant was sentenced to not less than nine years nor more than ten years in the State Prison for Southern Michigan. Defendant's motion for a new trial was denied and he brings this appeal as of right, raising five issues for review.

1. *That a new trial should be granted because testimony of the people's witnesses at trial was unworthy of belief.*

Defendant's first issue on appeal attacks the credibility of the witnesses who testified at trial. The jury is best able to determine the credibility of the witnesses and the weight to be given their testimony. *People v. Clark* (1954), 340 Mich 411; *People v. Lloyd* (1967), 5 Mich App 717; *People v. Mills* (1969), 16 Mich App 179; *People v. Moss* (1969), 16 Mich App 295. In this case both defendant and the complaining witness testified at trial. In such a situation it is for the jury to decide which side to believe. *People v. Mills, supra.* There was

sufficient testimony presented by the people, if believed by the jury, to justify a finding of guilty beyond a reasonable doubt of the crime of assault with intent to do great bodily harm less than murder. MCLA § 750.84.

2. *That the trial court erred in its instructions to the jury.*

It is axiomatic that the jury instructions must be considered in their entirety; error cannot be established by one phrase lifted from the whole charge, unless the phrase prejudices the entire charge. *People* v. *Robinson* (1968), 11 Mich App 162. Careful reading of the entire charge to the jury leads to the conclusion that the charge was not in any way prejudicial to defendant. Even the parts to which defendant draws particular attention, when standing alone, do not represent improper, unfair, or prejudicial instructions.

3. *That the trial court and assistant prosecutor made prejudicial comments to the jury.* .

The remarks of the prosecutor complained of by defendant were in response to issues raised by defense counsel. In such a case, remarks by a prosecutor, even if improper, do not constitute reversible error where made primarily in response to matters previously discussed by defense counsel. *People* v. *George* (1965), 375 Mich 262; *People* v. *Thomas* (1969), 17 Mich App 740. At no point did the prosecutor state any personal opinion of defendant's guilt which would warrant this Court in reversing defendant's conviction. *People* v. *Ignofo* (1946), 315 Mich 626; *People* v. *Slater* (1970), 21 Mich App 561. It should further be noted that the defendant did not object to the prosecutor's remarks at trial. Only where cautionary instructions would not have cured any prejudice arising from those remarks will an ap-

pellate court review the matter. *People* v. *Humphreys* (1970), 24 Mich App 411.

4. *That the trial court erred in limiting defense counsel's closing argument.*

It is the duty of the trial judge to control all proceedings during trial and to limit the introduction of evidence and argument of counsel to relevant and material matters, with a view to the expeditious and effective ascertainment of the truth regarding the matter involved. MCLA § 768.29 (Stat Ann 1954 Rev § 28.1052). In matters of trial conduct the trial judge has great power and wide discretion. *People* v. *Cole* (1957), 349 Mich 175; *People* v. *Lloyd* (1967), 5 Mich App 717; *People* v. *Whitney* (1895), 105 Mich 622. The record discloses that the trial judge maintained proper judicial impartiality in conducting the trial. Therefore, reversal may not be had on this issue. *People* v. *Bedsole* (1969), 15 Mich App 459; *People* v. *Wilson* (1969), 21 Mich App 36.

It is clearly within the discretion of the trial judge to limit the arguments of counsel. GCR 1963, 507.7, MCLA § 768.29 (Stat Ann 1954 Rev § 28.1052), 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 403, 404.

Careful reading of the 34 pages consumed by defendant's closing argument reveals that defendant had more than adequate time to cover his arguments. There was no abuse of discretion in limiting defense counsel's arguments.

5. *That the trial court erred in failing to indorse certain alleged* res gestae *witnesses.*

Apart from the cumulation of testimony, any *res gestae* witness shall be indorsed and called by the prosecution if such testimony is reasonably necessary to protect the accused against a false accusation. *People* v. *Kayne* (1934), 268 Mich 186; *People*

v. *Dickinson* (1966), 2 Mich App 646. The defendant was identified by the complaining witness and a number of others as the one who fired the shot; defendant himself admitted shooting the complainant. No other testimony of any *res gestae* witness was necessary to protect defendant from false accusation. Considerable efforts were made to locate James Fason as requested by defendant. However, it is clear that no prejudice resulted to defendant from the failure to present such witness.

Defendant did not raise the question of calling a *res gestae* witness, the doctor who treated complainant, until his motion for new trial. It is the rule in Michigan that the failure of the prosecution to indorse names of *res gestae* witnesses on an information cannot be raised for the first time on a motion for new trial. *People* v. *Amos* (1968), 10 Mich App 533; *People* v. *Prescott* (1934), 268 Mich 606; *People* v. *Dimitroff* (1948), 321 Mich 205. Defendant demonstrates no prejudice in the failure to indorse the treating physician.

It is clear to this Court after a careful reveiw of the records of defendant's trial, that defendant received a fair and impartial hearing. No error is demonstrated on appeal.

Affirmed.