PEOPLE v. THOMAS

1. CRIMINAL LAW—TRIAL—INSTRUCTIONS—REQUEST TO CHARGE.

Trial courts have a nondelegable duty, even in the absence of a request to do so, to instruct the jury as to the legal requirements necessary to sustain a criminal conviction, and failure to do so is reversible error.

2. CRIMINAL LAW—TRIAL—CONDUCT OF PROSECUTOR—IMPROPER REMARKS.

Improper remarks by prosecutor during a criminal trial did not constitute reversible error where made primarily in response to matters previously discussed by defense counsel.

3. NEW TRIAL—GROUNDS—NEWLY-DISCOVERED EVIDENCE—IMPEACHMENT OF COMPLAINING WITNESS.

Defendant's motion for new trial based on allegation by fellow inmate of complaining witness that complaining witness had told him, after the trial, that he had lied, held properly denied, where trial court held a hearing to determine the validity of

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 511.
[2] 53 Am Jur, Trial §§ 359, 468.
[3] 39 Am Jur, New Trial §§ 164–166.
[4] 39 Am Jur, New Trial § 157.

the allegation and was satisfied at the conclusion of the hearing that the witness, who had given the same testimony at an earlier trial, had not made the statement.

4. New Trial—Grounds—Newly-Discovered Evidence—Discretion.

    A motion for a new trial, on the ground of newly-discovered evidence, is directed to the sound discretion of the trial court.

Appeal from Genesee, John W. Baker, J. Submitted Division 2 April 9, 1969, at Lansing. (Docket No. 3,488.) Decided June 25, 1969. Application for leave to appeal filed August 19, 1969.

Charles Thomas was convicted of unlawful sale and possession of narcotics without a license. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Milton R. Henry,* for defendant.

BEFORE: J. H. Gillis, P. J., and Levin and Bronson, JJ.

J. H. Gillis, P. J. Defendant was convicted by a jury of unlawful sale[1] and possession[2] of narcotics. On appeal, defendant contends: 1) that the trial court erred in its instructions to the jury; 2) that the prosecutor's argument to the jury was highly improper and prejudicial to defendant and 3) that the trial court erred in denying defendant's motion for a new trial on the ground that the prosecutor's

---

[1] CLS 1961, § 335.152 (Stat Ann 1957 Rev § 18.1122).
[2] CLS 1961, § 335.153 (Stat Ann 1957 Rev § 18.1123).

key witness allegedly recanted his testimony after trial.

Initially, defendant alleges that his right to defend the charge by an attorney was violated by the following jury instruction:

"Now, in your jury room you should not refer to, discuss, or consider anything in connection with this case except the evidence received upon the trial. All extraneous matters, statements, and suggestions should be carefully discarded by you, and you should base your verdict solely upon the evidence and be guided by these instructions to the law."

Defendant interprets the instruction as an admonishment to the jury to disregard all remarks by defense counsel during the trial.

However, no objection to the instruction was made at trial, and therefore the question has not been properly preserved for review, GCR 1963, 516.2.

Defendant also contends that the trial court erred in its instructions to the jury by failing: 1) to inform them that marijuana was a narcotic, the sale or possession of which required a license; 2) by failing to define for the jury the offenses with which defendant was charged and the essential elements of each and 3) by failing to outline for the jury what facts they must find from the evidence in order to convict.

The statutes defining the offenses for which defendant was convicted read as follows:

"Any person not having a license under the provisions of Act No 343 of the Public Acts of 1937, as amended, being sections 335.51 to 335.78, inclusive of the Compiled Laws of 1948, who shall sell * * * any narcotic drug shall be guilty of a felony" CLS 1961, § 335.152 (Stat Ann 1957 Rev § 18.1122).

"Any person not having a license as required under the provisions of Act No 343 of the Public Acts

of 1937, as amended, being sections 335.51 to 335.78, inclusive of the Compiled Laws of 1948, who shall possess or have under his or her control any narcotic drug shall be deemed guilty of a felony," CLS 1961, § 335.153 (Stat Ann 1957 Rev § 18.1123).

The trial court gave the following charge:

"Ladies and Gentlemen of the Jury: You have heard the testimony in this case and arguments of the attorneys. As you know there are two counts here. One is sale of marijuana, unlawfully, knowingly and feloniously, charged sale, for the sum of fifty dollars, and it turned out it was a witness who is here as a complaining witness, Mr. Rushing. This is charged as a violation of provision of Act 343 of Public Acts of 1937 as amended. That's the state statute.

"There is also count two which charges the defendant with unlawfully, knowingly and feloniously possessing and then having under his control a narcotic drug, a quantity of marijuana as being a violation of provision of Act 343, Public Acts of 1937 as amended, and not having a license in either situation."

No objection to the instruction was made at trial. This fact, ordinarily, would preclude our review. CL 1948, § 768.29; GCR 1963, 516.2. "Nevertheless, the Supreme Court of Michigan has declared that, even in the absence of a request to charge, the trial judge has the 'duty to charge the jury as to the law applicable to the case, his failure to do so constituting reversible error'. *People* v. *Oberstaedt* (1964), 372 Mich 521, 526. * * * It is the trial judge's nondelegable duty to instruct the jury on the facts the jury must find to justify conviction." *People* v. *Bowen* (1968), 10 Mich App 1, 18, 19.

While the trial court might have been more explicit, the jury was apprised that marijuana was

a narcotic, the sale or possession of which required a license, and that defendant was being charged with the sale and possession of marijuana without a license.

The charge was adequate and fair and we have no reason to believe that the jury failed to understand what they had to find from the evidence in order to convict.

Defendant also cites as error the allegedly prejudicial remarks of the prosecutor in his closing remarks to the jury. However, a reading of the final arguments of both counsel shows that the allegedly improper remarks of the prosecutor were made primarily in response to matters previously discussed by defense counsel. "The record shows considerable provocation for the remarks. * * * We find no reversible error in this regard." *People* v. *George* (1965), 375 Mich 262, 265.

Defendant contends finally that the trial court erred in denying his motion for new trial. In support thereof, defendant offered the testimony of Oliver McGee, a one-time fellow inmate of Clarence Rushing, the prosecution's key witness at defendant's trial. McGee testified that Rushing had told him, after the trial, that he had lied. The trial court conducted a hearing at which Rushing denied making such a statement. The trial court, in denying the motion, focused on Rushing's denial plus the fact that Rushing had given the same testimony at an earlier trial which had resulted in a mistrial. A motion for new trial on the ground of newly discovered evidence, is directed to the sound discretion of the trial court. *People* v. *Pizzino* (1945), 313 Mich 97. We find no abuse of discretion.

Affirmed.

All concurred.