PEOPLE *v.* DALTON

1. CRIMINAL LAW—IN-COURT IDENTIFICATION—PRE-TRIAL IDENTIFICA-TION.

   Complainant's in-court identification of defendant was proper and did not result in a miscarriage of justice where the identification was based on observations other than a pre-trial identification, defendant failed to object to the in-court identification, and defendant did not cross-examine the complainant.

2. CRIMINAL LAW—PROSECUTOR'S REMARKS—DEFENDANT'S GUILT.

   Prosecutor's closing statements as to his opinion of defendant's guilt did not constitute reversible error where the statements were induced by and made in response to defense counsel's remark that the prosecutor himself did not believe the defendant guilty.

Appeal from Washtenaw, William F. Ager, Jr., J. Submitted Division 2 April 27, 1971, at Lansing. (Docket No. 9239.)   Decided May 25, 1971.

Charles I. Dalton, Jr., was convicted of assault with intent to rape.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William J. Delhey,* Prosecuting Attorney, and *Casper H. Kast,* Chief Assistant Prosecuting Attorney, for the people.

*Elmer E. White,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 371 *et seq.*
[2] 53 Am Jur, Trial § 468.

Before: DANHOF, P. J., and McGREGOR and QUINN, JJ.

PER CURIAM. Defendant appeals as of right from a jury conviction on a charge of assault with intent to commit rape. MCLA § 750.85 (Stat Ann 1962 Rev § 28.280). The people move to affirm.

Contrary to defendant's claim, an examination of the trial transcript shows clearly that there was sufficient credible evidence to support the jury's verdict of guilty beyond a reasonable doubt. *People* v. *Heard* (1969), 19 Mich App 516; *People* v. *Ford* (1969), 19 Mich App 519; *People* v. *Weems* (1969), 19 Mich App 553.

Relative to defendant's claim as to improper pretrial identification procedures, the record does not show such improprieties. Further, the evidence establishes clearly that complainant's in-court identification of defendant was based on observations of the suspect other than the photographic identification. *People* v. *Hutton* (1970), 21 Mich App 312. Further, no objection was made to the in-court identification by the complaining witness and she was, in fact, not even cross-examined by defense counsel. Defendant's claim of error must be rejected in this case where no objection was made to the in-court identification testimony and the record shows no miscarriage of justice. *People* v. *Shipp* (1970), 21 Mich App 415.

Defendant claims that certain remarks made by the prosecutor in his closing argument were prejudicial and constituted reversible error. The remarks complained of when read in their proper context cannot be said to be prejudicial nor do they constitute reversible error. The prosecutor's statements as to his opinion of the defendant's guilt were induced by and were in response to a statement by

defense counsel that the prosecuting attorney did not himself believe defendant to be guilty. Under these circumstances the remarks, even if deemed to be improper, would be non-reversible error. *People v. Allen* (1958), 351 Mich 535.

Affirmed.