## PEOPLE v JONES

1. CRIMINAL LAW—EXAMINATION—INFORMATION—DISTINCT OF-
   FENSES—WAIVER.

   An accused cannot be informed against until a judicial determi-
   nation upon the preliminary examination that a crime has
   been committed and there is probable cause to believe him
   guilty, and he may not be tried for an offense different from the
   one for which he was examined or for which he waived exami-
   nation, but where the accused fails to pursue an objection to
   the addition of a count charging a distinct offense at his
   preliminary examination by failing to file a requested brief
   with the court, and where he thereafter proceeds to trial
   without further challenging the propriety of or requesting
   further examination on the additional charge, he will be
   deemed to have waived the defect.

2. CRIMINAL LAW—BILL OF PARTICULARS—COMMON-LAW INFORMA-
   TION—NECESSITY—APPEAL AND ERROR—ABUSE OF DISCRETION.

   A bill of particulars is not mandatory where an information
   charging a criminal offense follows the common-law long form
   rather than the statutory short form, but a court should never
   refuse to order a bill of particulars where it may be necessary
   to inform the defendant of the particular offenses intended to

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 442, 444, 451.
   41 Am Jur 2d, Indictments and Information §§ 20, 21.
[2, 3] 41 Am Jur 2d, Indictments and Informations §§ 159–170.
   Right of accused to bill of particulars. 5 ALR2d 444.
[4] 6 Am Jur 2d, Assault and Battery § 13.
[5] 21 Am Jur 2d, Criminal Law §§ 166, 215.
   Limitations under double jeopardy clause of Fifth Amendment upon
     state criminal prosecutions. 25 L Ed 2d 968.
[6] 21 Am Jur 2d, Criminal Law § 475.
[7] 6 Am Jur 2d, Assault and Battery § 67.
[8] 5 Am Jur 2d, Appeal and Error §§ 623, 891.
[9] 81 Am Jur 2d, Witnesses § 622.
[10] 81 Am Jur 2d, Witnesses § 663.
[11] 5 Am Jur 2d, Appeal and Error § 624.
[12] 75 Am Jur 2d, Trial § 61.

be proved against him; failure to order a bill of particulars in a case where the common-law long form of information is used is reviewable only for abuse of discretion.

3. CRIMINAL LAW—BILL OF PARTICULARS—FULLY INFORMED DEFENDANT—PREJUDICE.

A defendant who was fully informed of the nature and the elements of the charges against him through a prosecutor's brief in support of a motion to add charges and the preliminary examination transcript was not prejudiced by the lack of a bill of particulars on the charges.

4. CRIMINAL LAW—GROSS INDECENCY—ASSAULT WITH INTENT—COMMON ELEMENTS—COMMON PURPOSE—INCLUDED OFFENSES.

The crime of assault with intent to commit gross indecency shares no common elements and manifests no common purpose with the crime of gross indecency; it is not a necessarily included offense of gross indecency.

5. CONSTITUTIONAL LAW—DOUBLE JEOPARDY—ACQUITTAL—CONVICTION—SAME OFFENSE.

The Fifth Amendment prohibition against double jeopardy, made applicable to the states through the Fourteenth Amendment, prohibits subsequent prosecution for the same offense after (1) acquittal or (2) conviction, and (3) it protects against multiple punishment for the same offense.

6. CONSTITUTIONAL LAW—DOUBLE JEOPARDY—PRESERVING QUESTION—WAIVER.

A double jeopardy claim is waived if not raised before or during trial.

7. CRIMINAL LAW—GROSS INDECENCY—CONSENSUAL ACTS—ASSAULT—ELEMENTS—STATUTES.

Even consensual acts of gross indecency are punishable under the statute proscribing such conduct; assault is not an element of the crime (MCLA 750.338b; MSA 28.570[2]).

8. APPEAL AND ERROR—CRIMINAL LAW—GROSS INDECENCY—ASSAULT WITH INTENT—DELINEATING EVIDENCE—INSTRUCTIONS TO JURY—PRESERVING QUESTION.

A defendant who claims reversible error on appeal because of a trial court's failure to delineate the evidence supporting separate charges of gross indecency and assault with intent to commit gross indecency, but who failed to request more specific instructions at trial and who failed to object to those given, has not preserved the issue for review.

9. WITNESSES—CRIMINAL LAW—IMPEACHMENT—RES GESTAE WIT-
NESSES—TIMELY AND PROPER OBJECTION—APPEAL AND ERROR.

A prosecutor has a right to impeach the credibility of a res gestae
witness whom he is obliged to call; absent timely and proper
objection improper questions by the prosecutor of such a wit-
ness which do not deprive the defendant of a fair trial will not
be the basis for appellate reversal.

10. WITNESSES—CREDIBILITY—INTEREST OR BIAS.

A witness's interest or bias is a proper basis for attacking his
credibility.

11. APPEAL AND ERROR—CRIMINAL LAW—TRIAL—PROSECUTOR'S RE-
MARKS—REPLY.

Remarks of a prosecutor induced by and made primarily in
response to statements already made by defense counsel were
not held to constitute reversible error.

12. WITNESSES—CRIMINAL LAW—SEQUESTRATION—DISCRETION OF
COURT—EXCLUSION OF WITNESSES.

The exclusion of the testimony of a defense witness who was
present in the courtroom during trial was within a trial court's
discretion where all other witnesses had been sequestered
during trial at defense counsel's request, and the court pro-
fessed itself unable to screen the witness's testimony as to
matters already heard.

Appeal from Saginaw, Eugene Snow Huff, J.
Submitted January 5, 1977, at Lansing. (Docket
No. 24876.) Decided May 2, 1977. Leave to appeal
applied for.

Emmett Jones was convicted of gross indecency,
assault with a dangerous weapon, assault with
intent to commit gross indecency, and extortion.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert L. Kaczma-
rek,* Prosecuting Attorney, and *Peter C. Jensen,*
Assistant Prosecuting Attorney, for the people.

*Leonard Esquina, Jr.,* Assistant State Appellate
Defender, for defendant.

Before: Danhof, C. J., and Bashara and R. M. Maher, JJ.

Danhof, C. J. Defendant was convicted by a jury of gross indecency, MCLA 750.338b; MSA 28.570(2), assault with a dangerous weapon, MCLA 750.82; MSA 28.277, assault with intent to commit gross indecency, MCLA 750.85; MSA 28.280, and extortion, MCLA 750.213; MSA 28.410, and sentenced to concurrent terms for each offense of 3 to 5 years, 2-1/2 to 4 years, 6 to 10 years, and 10 to 20 years, respectively. Defendant now appeals by right.

Defendant was originally charged with the crimes of rape, MCLA 750.520; MSA 28.788, gross indecency between a male and female, MCLA 750.338b; MSA 28.570(2), and assault with intent to do great bodily harm less than murder, MCLA 750.84; MSA 28.279. At the close of the preliminary examination held on August 19, 1974, the prosecutor moved to add three more charges, based on the complainant's testimony, including another act of gross indecency between a male and female, assault with intent to commit gross indecency, MCLA 750.85; MSA 28.280, and extortion, MCLA 750.213; MSA 28.410. Defense counsel objected to the addition of these three counts, and the district judge deferred ruling on the prosecutor's motion, requesting briefs from both parties, and binding defendant over on the three charges originally set out in the complaint and warrant on which the preliminary examination was conducted. On October 21, 1974, the district judge granted the motion to add the additional counts to the complaint and warrant in an order authorizing the prosecutor to enter the charges on the information.

Complainant testified that defendant threatened

her and forced her into a bedroom in the house of one Howard Johnson, where he aimed a shotgun at her head and threatened to kill her. After repeatedly slapping complainant, defendant forced her to remove her clothes and beat her with a leather belt. Defendant then produced some lighter fluid, which he poured on complainant's pubic area and threatened to ignite with lighted matches. After eating his Thanksgiving dinner in the bedroom, defendant forced complainant to fellate him, performed cunnilingus upon her, and, according to complainant's testimony, forced her to have intercourse.

Afterwards, defendant ordered complainant to dress and get some money for him. Complainant telephoned a female friend, and, under the guise of asking her to bring money, tried to communicate her need for help. Defendant listened, and when he realized complainant was calling for help he beat her severely with his fists, kicked her repeatedly, and finally placed the muzzle of the shotgun against her vagina and threatened to "blow her away". Defendant finally released complainant, apparently at Howard Johnson's instance, but before he did so he threatened to harm members of complainant's family if she revealed what had happened.

Howard Johnson, Sherry Pennington, and Lynette Isom took complainant to the home of her brother-in-law in Johnson's gold Cadillac Brougham. Complainant's brother-in-law notified the police of what had happened, but, fearing for her family's safety, complainant refused to speak to them until some days later, after she was admitted to the hospital.

Sherry Pennington denied having seen any of the events testified to by complainant, nor could

she recall having observed any bruises on complainant's body. Lynette Isom at first denied having seen anything and testified that she found complainant walking on the street in a bruised condition and offered her a ride, but after the prosecutor confronted Ms. Isom with her testimony at the preliminary examination she corroborated much of complainant's testimony.

The facts are further stated within as they relate to each of the several issues raised.

Defendant first claims that it was reversible error to permit the prosecutor, over defense objection, to amend the information to include counts not contained in the original complaint and warrant on which the preliminary examination was conducted. Because the trial judge dismissed the added count of gross indecency, defendant now complains only of the addition of the count charging extortion.

Both parties have briefed this question on the assumption that the district judge permitted an amendment of the information, and have cited and argued to this Court cases setting out the law relating to the amendment of informations. These cases are inapplicable to the present situation because an examination of the record reveals that the prosecutor filed only one information, which contained the six counts set out above. The question presented is whether the district judge erred in ordering defendant bound over on the added charge of extortion, based on the testimony at the preliminary examination, when the preliminary examination was conducted only on the basis of the three counts set out in the original complaint and warrant.

Although extortion most commonly involves the extraction of money from the victim by the use of threats, the statute also provides that

"Any person who * * * shall orally or by any written or printed communication maliciously threaten any injury to the person or property or mother, father, husband, wife or child of another * * * with intent to compel the person so threatened to do or refrain from doing any act against his will, shall be guilty of a felony * * * ." MCLA 750.213; MSA 28.410.

Complainant testified at the preliminary examination that defendant made such a threat to prevent her from reporting what he had done to her.

A person charged with an offense not cognizable by a justice of the peace is entitled to an examination on the charge, and may not be tried for an offense different from the one for which he was examined or waived examination. *People v Jones,* 24 Mich 215, 218 (1872), *People v Hutchinson,* 35 Mich App 128, 131; 192 NW2d 395 (1971). However, "[t]he information is not predicated upon the complaint or the examination upon which the warrant issues, but it is presumed to have been framed with reference to the facts disclosed at the examination which succeeds the arrest". *People v Norman,* 9 Mich App 647, 652; 158 NW2d 38 (1968), quoting *People v Kahler,* 93 Mich 625, 627; 53 NW 826 (1892).[1]

"While an accused cannot be informed against until a judicial determination upon the preliminary examination that a crime has been committed and that there is probable cause to believe him guilty, and while he may not be tried for an offense different from the one for which he was examined or waived examination, it has been said that where he fails before pleading to object to an information charging an offense distinct from that for which he was examined upon the complaint, he will be deemed to have waived the defect. *People v Jones*

---

[1] "The complaint does not control the after-proceedings; the information is supposed to be framed on the facts disclosed at the preliminary examination." *People v Hutchinson,* 35 Mich App 128, 132; 192 NW2d 395 (1971).

(1872), 24 Mich 215, 218." *People v Norman, supra,* at 652.

Defendant's attorney objected to the addition of the extortion count at the preliminary examination on the ground that there was no testimony to substantiate the charge, but failed to submit a brief in support of this position as requested by the district judge. Defendant thereafter stood mute to the charges set out in the information, a plea of not guilty was entered for him by the count, and defendant proceeded to trial over six months later without ever challenging the propriety of the extortion charge contained in the information. Defendant did not request further examination on the extortion charge. Accordingly, we regard defendant as having waived any error in the proceedings by his failure to move to quash the information or seek further examination on the extortion charge. *People v Jones, supra,* at 218–219, *People v Curry,* 48 Mich App 545, 548–549; 210 NW2d 791 (1973), *People v Hutchinson, supra,* at 133, *People v Norman, supra,* at 653. See also Holmes & George, *Introduction to Michigan Civil and Criminal Procedure* (I.C.L.E., 1974), p 328.

Defendant next claims that the denial of his motion to compel the prosecutor to furnish a bill of particulars constituted reversible error because defendant was entitled to a bill of particulars as a matter of right under MCLA 767.44; MSA 28.984.[2] Defendant's contention that the proviso contained in that statute entitled him to a bill of particulars as a matter of right is without merit. In *People v*

---

[2] The statute authorizes the use of short-form informations in cases involving certain offenses specified in the statute, but concludes with a proviso that "the prosecuting attorney, if seasonably requested by the respondent, shall furnish a bill of particulars setting out specifically the nature of the offense charged."

*Tenerowicz,* 266 Mich 276, 288; 253 NW 296 (1934), the Court said that "[t]he proviso is confined to the statutory forms outlined in section 17258 [now MCLA 767.44; MSA 28.984] and therefore does not apply to common-law forms of indictment". Accord, *People v O'Hara,* 278 Mich 281, 302; 270 NW 298 (1936). Since the information followed the common-law long form, rather than the statutory short-form, a bill of particulars was not mandatory.[3] *People v Tenerowicz, supra.*

Although an order for a bill of particulars should never be refused when the court can see any reason to believe such particulars are necessary to inform the defendant of the particular offenses intended to be proved against him, *People v McKinney,* 10 Mich 54, 92 (1862), the denial of a bill of particulars in cases where the long form of information is employed is reviewable only for abuse of discretion. *People v Tenerowicz, supra,* at 288. In *Tenerowicz* the court had granted defendant's motion for a bill of particulars, but the prosecutor supplied only a document setting out specific information relating to the charges, which he asserted in open court was not a bill of particulars. The Court said that this document, "while not a bill of particulars, has a material bearing upon the question of abuse of discretion because this exhibit gave defendants detailed information of the people's claims". *People v Tenerowicz* at 288. Similarly, in this case the prosecutor filed a

---

[3] The information in the instant case, which alleged the various offenses charged in the language of the statutes defining them, conformed to all of the formal requirements for indictments contained in MCLA 767.43; MSA 28.983 and MCLA 767.45; MSA 28.985. These formal requirements apply equally to informations, MCLA 767.2; MSA 28.942, and thus defendant was charged in an information setting out the charges according to the common-law long form of indictment embodied in the above statutes. *See People v Earl,* 299 Mich 579, 581; 300 NW 890 (1941), *People v Lazaroff,* 50 Mich App 84, 87; 212 NW2d 743 (1973).

brief in support of his motion to add the three offenses disclosed by the preliminary examination testimony that detailed the testimony relied upon to substantiate the additional charges. Moreover, defense counsel had a copy of the preliminary examination transcript, and defendant was present with counsel at the preliminary examination and heard the testimony, and thus was fully informed of both the nature and the elements of the charges against him. These factors "obviated need of a bill of particulars". *People v Earl,* 299 Mich 579, 581; 300 NW 890 (1941), *People v McKinney, supra.* There was no abuse of discretion. *People v Southern,* 306 Mich 324, 326; 10 NW2d 901 (1943), *People v Tenerowicz, supra, People v O'Hara, supra.*

Thirdly, defendant contends that to allow the jury to convict him of both gross indecency and assault with intent to commit gross indecency when both charges stem from the same transaction violates his right to be free from double jeopardy. Defendant argues that assault with intent to commit gross indecency is a lesser included offense of gross indecency, and that therefore defendant's conviction of gross indecency bars a conviction, based on the same facts, of assault with intent to commit gross indecency.

Essentially, defendant claims he is being punished twice for the same conduct.[4] The Supreme Court has held that a double jeopardy claim is waived if not raised before or during trial, *People*

---

[4] The Fifth Amendment prohibition against double jeopardy, made applicable to the states through the Fourteenth Amendment, *Benton v Maryland,* 395 US 784; 89 S Ct 2056, 23 L Ed 2d 707 (1969), consists of three separate protections. It prohibits subsequent prosecution for the same offense after (1) acquittal or (2) conviction, and (3) it protects against multiple punishment for the same offense. *See North Carolina v Pearce,* 395 US 711, 717; 89 S Ct 2072, 2076; 23 L Ed 2d 656, 664–665 (1969).

*v McDonald,* 306 Mich 65; 10 NW2d 309 (1943), *People v Powers,* 272 Mich 303; 261 NW 543 (1935), a view subscribed to by this Court. *People v Johnson,* 62 Mich App 240, 243; 233 NW2d 246 (1975), *People v Cooper,* 58 Mich App 284, 290; 227 NW2d 319 (1975). Because this Court has not previously considered defendant's precise claim, however, we proceed to examine it notwithstanding defendant's failure to raise the double jeopardy question at or before trial.

The transaction here involved encompassed a period of between three and four hours, during which there were several distinct episodes of assaultive conduct and of conduct that could be said to be grossly indecent. From a purely chronological standpoint defendant's assaultive behavior prior to eating his Thanksgiving dinner is distinct from the gross indecencies to which he later forced complainant to submit. In *People v Dexter,* 6 Mich App 247, 252; 148 NW2d 915 (1967), defendant was charged with attempt to procure an act of gross indecency and with assault with intent to commit an act of gross indecency, and this Court held that the two were separate statutory offenses and did not merge. The same reasoning applies here; defendant is being punished twice not for the same act, but for two distinct criminal offenses arising out of the same transaction, for which he had to be tried in one proceeding under the rule in *People v White,* 390 Mich 245; 212 NW2d 222 (1973).

Defendant argues, however, that assault with intent to commit gross indecency is a lesser included offense of gross indecency under the tests recently laid down in *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975). We disagree. It is not impossible to commit an act of gross indecency without committing an assault with intent to com-

mit an act of gross indecency.[5] Consequently, assault with intent to commit gross indecency is not necessarily included within the offense of gross indecency.[6]

Nor is assault with intent to commit gross indecency a cognate lesser included offense of gross indecency. The two offenses share no elements. To sustain a conviction under the assault statute it is not necessary to prove a completed act of gross indecency. *People v Dexter, supra,* at 251. The assault statute punishes an assault committed with a specific intent, whereas the gross indecency statute punishes "conduct that is of such a character that the common sense of society regards it as indecent and improper". *People v Szymanski,* 321 Mich 248, 252; 32 NW2d 451 (1948). Thus the two offenses fail to satisfy the test provided in *Ora Jones* for determining whether a defendant is entitled to instructions on a cognate lesser offense; the two offenses share no common elements, nor, strictly speaking, do they manifest a common purpose.[7]

[5] Even consensual acts of gross indecency are punishable under the statute, the split decision in *People v Howell,* 396 Mich 16; 238 NW2d 148 (1976), notwithstanding; assault is not an element of the crime of gross indecency.

[6] Defendant has taken the position that, since a defendant who commits a nonconsensual act of gross indecency could also be convicted of assault with intent to commit gross indecency, the assault is therefore necessarily included within the gross indecency. Q. E. D. This argument proves too much, for it exposes the linguistic snare within which defendant has become entangled. A defendant who commits a forced act of gross indecency is not subject to prosecution for *either* gross indecency *or* assault with intent to commit gross indecency; he is subject to prosecution for *both* offenses. *See People v Dexter,* 6 Mich App 247; 148 NW2d 915 (1967). This result does not offend the prohibition against double punishment contained in the constitutional protection against double jeopardy.

[7] The assault statute is intended to protect against acts of violence; the gross indecency statute is intended to protect against offenses which the common sense of society regards as indecent and improper. To accept defendant's argument would lead to the anomalous result that a defendant charged with committing an act of gross indecency,

Our dispositions of defendant's first three claims of error render extended discussion of his fourth claim of error unnecessary. Defendant claims that the trial judge's failure to delineate the evidence supporting the offenses of gross indecency and assault with intent to commit gross indecency constituted reversible error because it permitted the jury to use the same facts to support a finding of guilt as to each count. The trial judge read the information and the applicable statutes, and specified that the jury were to consider whether the acts of oral-genital contact constituted gross indecency. He also explained the assault statute, specifically as it related to the offense of gross indecency. Normally such instructions are deemed "sufficiently comprehensive". *People v Wheat,* 55 Mich App 559, 562; 223 NW2d 73 (1974). We note also that the prosecutor outlined in some detail during his closing argument the specific conduct relied upon to support each charge. Defense counsel failed to request more specific instructions and also failed to object to those given; therefore this issue has not been preserved for review. *People v Wilbourne,* 44 Mich App 376; 205 NW2d 250 (1973). Perceiving no manifest injustice, we decline to disturb the convictions.

Defendant's fifth claim of error concerns several instances of alleged prosecutorial misconduct, which defendant contends warrant reversal.

The prosecutor called Howard Johnson as a res gestae witness, and asked a number of questions concerning his employment and matrimonial status, the source of his income, the kind of car he drove, and whether he had talked to any of the

which carries a maximum penalty of five years, might find himself forced to defend against the "lesser offense" of assault with intent to commit gross indecency, which carries a maximum penalty of ten years.

prosecution witnesses. Defendant relies heavily on *People v Whalen,* 390 Mich 672; 213 NW2d 116 (1973), but this case is distinguishable from *Whalen,* and we deem it not controlling. Johnson was not a defense witness; he was a res gestae witness whom the prosecutor was obliged to call and whose credibility he had a right to impeach under the statute. MCLA 767.40a; MSA 28.980(1).

When Johnson confirmed that he owned the gold Cadillac Brougham which he, Ms. Pennington and Ms. Isom used to transport complainant to her brother-in-law's home, defense counsel merely interrupted the prosecutor to ask what relevance this line of questioning had to the case, and thereafter failed to pursue his objection. Defense counsel's other interjections were similarly vague and ineffectual. Arguably, some of the prosecutor's questions overstepped the bounds of strict propriety. But *cf., People v Davis,* 343 Mich 348, 366; 72 NW2d 269 (1955), *People v Gotshall,* 123 Mich 474, 483; 82 NW 274 (1900). In the absence of effectual defense objection, however, any error the prosecutor may have committed was not properly preserved for review. Had defendant made proper objection the alleged errors of which he now complains would not have arisen. Early objection would have resulted in early instruction to the prosecutor not to inquire further into those subjects that defendant now finds objectionable, and the trial court could have instructed the jury to disregard any improper questions. A careful reading of the transcript, coupled with defendant's lack of effectual objection and the fact that the prosecutor was entitled to impeach this res gestae witness, whom he was obligated to call, persuades us that the questions did not interfere with defendant's having a fair trial. *People v Hicks,* 70 Mich App

430, 437; 245 NW2d 778 (1976), *People v Duke,* 50 Mich App 714, 717; 213 NW2d 769 (1973), *People v Cormandy,* 16 Mich App 517, 520; 168 NW2d 430 (1969).

It was not improper for the prosecutor to ask the witness questions designed to reveal whether he had discussed the case with other witnesses or attempted to influence their testimony. A witness's interest or bias is a proper basis for attacking his credibility. *People v Meier,* 47 Mich App 179, 196; 209 NW2d 311 (1973).

Defendant also claims that two of the prosecutor's comments during closing argument were so prejudicial as to warrant reversal. As to the first of these, the prosecutor's statement that the charge of gross indecency would not have been brought if the acts had been consensual, the prosecutor withdrew the remark after defense counsel's prompt objection, which was immediately sustained. The trial judge admonished the prosecutor that such comment was "certainly not necessary" and ordered the jury to disregard the remark. Under these circumstances we conclude that no reversible error occurred. *People v Knapp,* 34 Mich App 325, 331; 191 NW2d 155 (1971).

As to the second remark, defendant argues that a series of questions posed by the prosecutor during his rebuttal argument, in which he asked the jury to recall whether defendant had denied that he raped complainant, committed acts of gross indecency upon her, assaulted her, and threatened harm to her family if she went to the police, constituted an impermissible comment on defendant's silence. Defendant's reliance on *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973), is misplaced. Defendant's argument is based on a fundamental misapprehension. Although this case

involves an alleged "non-utterance", *Bobo* is inapposite because the prosecutor did not use defendant's silence during interrogation to impeach his testimony.

Defendant denied inflicting any serious injury, but he did not deny striking complainant, allegedly because she had stolen his ring. Although defendant also denied pouring lighter fluid on complainant and pointing a weapon at her, he freely admitted having intercourse with complainant, implying that she had consented. Defense counsel also conceded much in his closing argument. He pointed out that complainant's injuries were not "serious and permanent", and that therefore the jury could find that defendant had not committed assault with intent to do great bodily harm less than murder. He argued that because society's morals have changed the acts alleged to have been committed by defendant might not constitute gross indecency, seemingly conceding that the acts themselves had been committed. Finally, his theory was that complainant had been attracted to defendant, an admitted gambler and "protector" of numerous young women, and the lifestyle of his "subculture", that complainant had brought the charges against defendant in retaliation for his rejection of her, and that she had in fact yielded willingly to him.

It appears that defense counsel's strategy was successful; the jury acquitted defendant of the rape charge. Viewed in the context of defendant's testimony and defense counsel's closing argument, however, the prosecutor's request that the jury recall whether defendant denied having committed the offenses is placed in its proper perspective. The prosecutor concluded his questions by observing that defendant was to be judged by the laws of

society and not by the norms of his "subculture". The prosecutor's comments were made in response to the theory of the case posed by defense counsel's closing argument, in which he sought to cast a different construction on a basically uncontroverted series of events. Remarks of the prosecutor induced by and made in response to statements by defense counsel will not be held to constitute reversible error. *People v Pomranky,* 62 Mich App 304, 310–311; 233 NW2d 263 (1975), *People v Dalton,* 34 Mich App 79; 190 NW2d 735 (1971), *People v Thomas,* 17 Mich App 740, 744; 170 NW2d 286 (1969), *lv den,* 383 Mich 783 (1970). Even though such remarks may be improper, they will not amount to reversible error when made primarily in response to matters previously discussed by defense counsel. *People v Dersa,* 42 Mich App 522; 202 NW2d 334 (1972), *lv den,* 388 Mich 803 (1972), *People v Green,* 34 Mich App 149, 151; 190 NW2d 686 (1971), *lv den,* 386 Mich 769 (1971), *People v Harris,* 31 Mich App 100, 102; 187 NW2d 502 (1971). Application of this rule is appropriate here, particularly in the absence of any objection by defense counsel to the prosecutor's comments. *People v Blassingame,* 59 Mich App 327, 335; 229 NW2d 438 (1975).

Defendant's sixth claim of error, that the trial court abused its discretion in refusing to allow defendant to call a witness who violated a sequestration order, is without merit. At defendant's request, the trial court ordered all witnesses sequestered prior to the receipt of any testimony. It appears that the witness had been in attendance throughout the trial, in violation of the sequestration order. Defense counsel made no attempt to outline the testimony he expected to elicit from the witness for the purpose of the trial judge's

ruling on the prosecutor's objection to the witness, except to indicate that there had been no testimony concerning "some" of the matters he intended to cover with the witness. The trial judge professed himself unable to "filter" the witness's testimony and ruled that she could not testify. The exclusion of the witness was within the trial court's discretion. *People v Marthinson,* 235 Mich 393; 209 NW 99 (1926), *People v Dickerson,* 62 Mich App 457, 459; 233 NW2d 612 (1975). We find no abuse of that discretion.

Affirmed.