*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CAVARI JAMOUL BROWN,

Defendant-Appellant.

UNPUBLISHED
June 18, 2019

No. 342946
Kent Circuit Court
LC No. 17-004136-FH
LC No. 17-004137-FH

Before: K. F. KELLY, P.J., and FORT HOOD and REDFORD, JJ.

PER CURIAM.

Defendant appeals as of right his convictions of possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b(1), possession of a controlled substance less than 25 grams, MCL 333.7403(2)(a)(*v*), felon in possession of a firearm, MCL 750.224f(1), felon in possession of ammunition, MCL 750.224f(6), tampering with evidence, MCL 750.483a(6), and perjury during an investigative subpoena, MCL 767A.9. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to 5 years' imprisonment for felony-firearm, 12 months to 15 years' imprisonment for possession of a controlled substance, 46 months to 15 years' imprisonment for felon in possession of a firearm, 12 months to 15 years' imprisonment for felon in possession of ammunition, 12 months to 15 years' imprisonment for tampering with evidence, and 240 months to 50 years' imprisonment for perjury. We affirm.

## I. BASIC FACTS

In November 2016, Gregory Rogers and defendant were at defendant's home manufacturing crack cocaine. At some point, Rogers sustained a gunshot wound to his upper leg, and he later died. Defendant maintained that Rogers accidentally shot himself. Following an extensive investigation that included defendant testifying in response to an investigative subpoena, defendant was charged with multiple offenses, including felony-murder and second-degree murder. The jury acquitted defendant of the murder charges, but found him guilty of the other charges as previously set forth. Defendant appeals by right.

## I. BINDOVER

-1-

Defendant argues that the trial court erred in denying his motion to quash the district court's bindover on the charge of perjury. "The decision to bind a defendant over is reviewed for abuse of discretion." *People v Justice*, 454 Mich 334, 344; 562 NW2d 652 (1997). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008).

"The primary function of the preliminary examination is to determine whether a crime has been committed and, if so, whether there is probable cause to believe that the defendant committed it." *People v Henderson*, 282 Mich App 307, 312; 765 NW2d 619 (2009). "Probable cause that the defendant has committed a crime is established by evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the defendant's guilt." *Id*. "To establish that a crime has been committed, a prosecutor need not prove each element beyond a reasonable doubt, but must present some evidence of each element." *Id*. "Circumstantial evidence and reasonable inferences from the evidence can be sufficient." *Id*. "If the evidence conflicts or raises a reasonable doubt, the defendant should be bound over for trial, where the questions can be resolved by the trier of fact." *Id*.

MCL 767A.9(1) proscribes perjury during an investigative subpoena, and it provides in relevant part that "[a] person who makes a false statement under oath in an examination conducted under this chapter knowing the statement is false is guilty of perjury . . . ." At the preliminary examination, when the prosecutor asked defendant if he previously handled guns before Rogers was shot, defendant responded, "Yeah. I done seen 'em, handled 'em. I mean, handed it back to 'em. Stuff like that." However, at the preliminary examination, Antwon Craig testified that sometime before the day Gregory was shot, defendant handed him a gun as the two men departed a bus. Antwon later returned the gun to defendant at a liquor store. The district court did not abuse its discretion in holding that this evidence amounted to probable cause defendant knowingly made a false statement under oath during the investigative subpoena in violation of MCL 767A.9(1). Therefore, the district court did not abuse its discretion[1] in binding over defendant on the perjury charge.[2]

---

[1] To the extent defendant argues that the trial court abused its discretion in denying his motion to quash, defendant's argument is misplaced. "A circuit court's decision with respect to a motion to quash a bindover order is not entitled to deference because this Court applies the same standard of review to this issue as the circuit court." *People v Hudson*, 241 Mich App 268, 276; 615 NW2d 784 (2000). "In other words, this Court reviews the circuit court's decision regarding the motion to quash a bindover only to the extent that it is consistent with the district court's exercise of discretion." *Id*. "Thus, in simple terms, we review the district court's original exercise of discretion." *Id*. In this case, the district court did not abuse its discretion in finding probable cause that defendant committed perjury during his investigative subpoena testimony.

[2] In a Standard 4 brief, defendant alleges that the prosecutor failed to reveal the identity of an informant at the preliminary examination. There is no reference to an informant at the preliminary examination, and defendant otherwise fails to cite to the record to support this

Moreover, even if there were error at the preliminary examination, "a preliminary examination is not a constitutionally based procedure, and any errors that occur at a preliminary examination will be deemed harmless if the defendant is subsequently convicted at an otherwise fair trial." *People v Johnson*, 315 Mich App 163, 200 n 7; 889 NW2d 513 (2016). In this case, defendant has not established that he was denied a fair trial, and he is not entitled to relief.

## II. ADMISSIBILITY OF EVIDENCE

Next, defendant argues that the trial court erred when it admitted a recording of the testimony that Javon Burns gave in response to an investigative subpoena. We disagree.

This Court reviews a trial court's decision to admit evidence for an abuse of discretion. *People v Bynum*, 496 Mich 610, 623; 852 NW2d 570 (2014). "Preliminary questions of law, such as whether a rule of evidence or statute precludes the admission of particular evidence, are reviewed de novo . . . ." *Id*. Necessarily, a trial court abuses its discretion when it admits evidence that is inadmissible as a matter of law. *Id*. Whether admission of evidence violated defendant's constitutional rights involves a question of law that this Court reviews de novo. *People v Harris*, 499 Mich 332, 342; 885 NW2d 832 (2016).

The prosecution called Burns as a witness at trial. Burns testified that he was a friend of defendant. When asked if he sold a gun to defendant, or recalled shooting a gun at an apartment complex, Burns responded: "I don't recall." Burns then continued to respond, "I don't recall" for nearly all of the prosecutor's questions. The prosecutor then moved to admit a video recording of Burns's investigative subpoena testimony. The trial court held that the recording was admissible under MCR 801(d)(1)(A) and rejected defendant's argument that it violated the Confrontation Clause.

The trial court did not abuse its discretion in admitting Burns's recorded testimony pursuant to MRE 801(d)(1)(A), which provides that the following does not constitute hearsay:

(1) *Prior Statement of Witness.* The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition . . . .

In this case, the declarant, Burns, testified at trial, and the previous statements he made during his investigative subpoena testimony were inconsistent with his trial testimony. Specifically, at trial, Burns repeatedly answered "I don't recall" to the prosecution's questioning. During the investigative subpoena testimony, Burns provided substantive answers to similar questions from the prosecutor, including questions addressing his knowledge of a gun and a shooting. Therefore, the testimony amounted to prior inconsistent statements for purposes of

---

argument. He has abandoned the issue for review. See *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998).

MRE 801(d)(1)(A). Moreover, the prior inconsistent statements were given under oath subject to the penalty of perjury at an investigative subpoena hearing. Finally, Burns was subject to cross-examination by defense counsel concerning the prior inconsistent statements. Specifically, after the trial court played the recorded testimony for the jury, defense counsel questioned Burns about the XD .40 caliber handgun and about Burns's testimony that he sold the gun to defendant.

In addition, contrary to defendant's argument, the recorded testimony did not violate the Confrontation Clause. "The Confrontation Clause of the United States Constitution provides that '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . .' " *People v Nunley*, 491 Mich 686, 697; 821 NW2d 642 (2012), quoting US Const, Am VI; see also *Crawford v Washington*, 541 US 36; 124 S Ct 1354; 158 L Ed 2d 177 (2004). "The specific protections the Confrontation Clause provides apply only to statements used as substantive evidence." *Nunley*, 491 Mich at 697 (quotation marks and citation omitted). "In particular, one of the core protections of the Confrontation Clause concerns hearsay evidence that is 'testimonial' in nature." *Id.*, quoting *Crawford*, 541 US at 51. "The United States Supreme Court has held that the introduction of out-of-court testimonial statements violates the Confrontation Clause; thus, out-of-court testimonial statements are inadmissible unless the declarant appears at trial or the defendant has had a previous opportunity to cross-examine the declarant." *Id*. at 697-698, citing *Crawford*, 541 US at 53-54.

In this case, there is no dispute that Burns's recorded testimony was testimonial in nature. See *Crawford*, 541 US at 51. However, the recorded testimony did not violate the Confrontation Clause because Burns appeared at trial, and defendant had the opportunity to confront Burns about the recorded testimony. Our Supreme Court has previously held that a previous out-of-court identification did not violate the Confrontation Clause when the witness appeared in court and was subject to cross-examination irrespective of the witness's memory. See *People v Malone*, 445 Mich 369, 384-385; 518 NW2d 418 (1994). Similarly, in this case, the defense had an opportunity to cross-examine Burns about the former testimonial statement. Defendant had an opportunity to confront Burns about his previous testimony and admission of the testimony did not violate the Confrontation Clause.

Defendant also argues for the first time on appeal that the recorded testimony should have been excluded under MRE 403. MRE 403 provides that admissible evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." "The 'unfair prejudice' language of MRE 403 refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock." *People v Cameron*, 291 Mich App 599, 611; 806 NW2d 371 (2011) (some quotation marks and citations omitted). "Moreover, admission of [e]vidence is unfairly prejudicial when . . . [the danger exists] that marginally probative evidence will be given undue or preemptive weight by the jury." *Id*. (quotation marks and citation omitted).

In this case, during the investigative subpoena hearing, Burns offered testimony that was prejudicial to defendant, including references to drugs and a potential home invasion. However, the testimony was not unfairly prejudicial. The testimony did not inject "considerations extraneous to the merits of the lawsuit" and it was not elicited to incite bias, sympathy, anger, or shock. See *id*. Instead, the testimony was relevant to the underlying charged criminal offenses

in that the testimony gave context as to why Burns may have sold defendant the gun that shot Gregory. Moreover, there was no danger that the jury would give Burns's testimony undue or preemptive weight. See *id*. Specifically, the jury was already aware that defendant was involved in manufacturing and selling drugs, that defendant gave his girlfriend a gun after the shooting, and that defendant gave a man a gun the night before the shooting. In short, the probative value of Burns's recorded testimony was not "substantially outweighed by the danger of unfair prejudice" for purposes of MRE 403.

## III. DIRECTED VERDICT

Next, defendant argues that the trial court erred when it failed to grant his motion for a directed verdict. We disagree.

"When reviewing a trial court's decision on a motion for a directed verdict, this Court reviews the record de novo to determine whether the evidence presented by the prosecutor, viewed in the light most favorable to the prosecutor, could persuade a rational trier of fact that the essential elements of the crime charged were proved beyond a reasonable doubt." *People v Aldrich*, 246 Mich App 101, 122; 631 NW2d 67 (2001).

On appeal, defendant limits his substantive argument to contending that the trial court erred in denying the motion for a directed verdict as to the perjury charge. Defendant has, therefore, abandoned any argument pertaining to the other charges that were presented to the jury.[3]

Again, MCL 767A.9 proscribes perjury during an investigative subpoena and it provides in relevant part:

> (1) A person who makes a false statement under oath in an examination conducted under this chapter knowing the statement is false is guilty of perjury punishable as follows:
>
> * * *
>
> (b) If the false statement was made during the investigation of a crime punishable by imprisonment for life, by imprisonment for life or for any term of years.

The trial court instructed the jury on the perjury charge consistent with this language. The trial court did not err in denying defendant's motion for a directed verdict on the perjury charge.

At trial, the prosecution played the recording of defendant's investigative subpoena testimony. At the investigative subpoena hearing, defendant testified and denied having seen the Springfield XD .40 caliber handgun before observing Gregory with it on the day of the shooting.

---

[3] See *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998).

Defendant denied seeing the gun with anyone other than Gregory, and he stated that he did not know where Gregory obtained the gun. However, a forensics expert testified and linked the handgun to a shooting on Bradford Street. Burns testified pursuant to an investigative subpoena that he shot the gun on Bradford Street. Burns testified that sometime after that shooting, he sold the gun to defendant. Burns's investigative subpoena testimony was introduced at trial. Viewed in a light most favorable to the prosecution, this evidence would have allowed a rational jury to conclude beyond a reasonable doubt that defendant's statements concerning his knowledge of the gun were false and that he knew the statements were false.

Defendant argues that he cannot be convicted of perjury for denying guilt on the stand and cites *People v Longuemire*, 87 Mich App 395; 275 NW2d 12 (1978), in support of his argument. This argument lacks merit. *Longuemire* is not on point. That case concerned a perjury charge stemming from the defendant's testimony at a previous criminal trial in which he asserted his innocence. *Id*. at 396. This Court explained that "[a]s a rule of law . . . we hold that although a criminal defendant taking the stand on his own behalf does not have a license to lie . . . he must be protected from threats of perjury prosecutions that *unnecessarily* chill his right to testify." *Id*. at 398 (Emphasis in original). In this case, the investigative subpoena proceeding did not constitute a threat of perjury that unnecessarily chilled defendant's right to testify to his innocence. At the investigative subpoena hearing, defendant had his attorney present, he was advised that he had the right to assert the Fifth Amendment at any time a question might incriminate him, and he was advised that he could be charged with perjury if he lied during his testimony. These circumstances did not chill defendant's right to testify to his innocence. In sum, the trial court did not err in denying defendant's motion for directed verdict as to the perjury charge.

## IV. INFORMATION

Next, defendant argues that the prosecution failed to properly inform him of the nature of the perjury charge via the information. This argument lacks merit.

MCL 767.45 governs the filing of an indictment or an information in a criminal proceeding and it provides in relevant part as follows:

(1) The indictment or information shall contain all of the following:

(a) *The nature of the offense stated in language which will fairly apprise the accused and the court of the offense charged.*

(b) The time of the offense as near as may be. No variance as to time shall be fatal unless time is of the essence of the offense.

(c) That the offense was committed in the county or within the jurisdiction of the court. [MCL 767.45(1) (emphasis added).]

After the prosecution filed a felony information, the trial court denied defendant's motion for a bill of particulars. MCL 767.44 governs indictments and "forms for particular offenses" and provides a list of different forms for different types of criminal offenses. The statute also states: "Provided, That the prosecuting attorney, if seasonably requested by the respondent, shall

furnish a bill of particulars setting up specifically the nature of the offense charged." MCL 767.44. This Court has previously explained that a defendant is not entitled to a bill of particulars "as a matter of right" when an information conforms to the formal requirements set forth in MCL 767.45. *People v Jones*, 75 Mich App 261, 269, 269 n 3; 254 NW2d 863 (1977). Rather, "the denial of a bill of particulars in [these] cases . . . is reviewable only for abuse of discretion." *Id*. at 269.

In this case, the trial court did not abuse its discretion in denying defendant's motion for a bill of particulars because the original information complied with MCL 767.45. The information properly apprised defendant of the nature of the charged offense of perjury and the time of the offense. The information notified defendant that he was charged with perjury arising during a prosecutor's investigative subpoena. The language was sufficient to apprise defendant of the nature and timing of the charged offense of perjury and that the alleged perjury incorporated defendant's statements concerning his knowledge of and contact with firearms. Specifically, the information apprised defendant that his testimony concerning his knowledge "and/or contact" with "firearms" in general, and the firearm used in this case in specific. The district court found probable cause that defendant committed perjury on the basis of defendant's investigative subpoena testimony concerning his previous contact with firearms. This was consistent with the allegations in the information.

Similarly, we reject defendant's contention that the prosecutor's arguments at trial amounted to unfair surprise. The prosecutor's arguments concerned defendant's denial of his contact with and knowledge of firearms including the firearm involved in this case. There was nothing improper about the arguments because it fell within the scope of the offense charged in the information. In sum, there was no error with respect to the information.

## V. JURY INSTRUCTION

Next, defendant argues that the trial court failed to "instruct the jury on what statements Defendant-Appellant was on trial for having lied under oath about. The jury then was only left to guess at what they were . . . ." Defendant argues this violated his right to jury unanimity. In his Standard 4 brief, defendant also argues that the trial court erred in instructing the jury on the perjury charge. These arguments lack merit.

"[Jury] instructions must include all the elements of the charged offense and must not omit material issues, defenses, and theories if the evidence supports them." *People v Bartlett*, 231 Mich App 139, 143; 585 NW2d 341 (1998). "This Court reviews jury instructions as a whole to determine whether there is error requiring reversal." *Id*. "Even if somewhat imperfect, instructions do not create error if they fairly present to the jury the issues tried and sufficiently protect the defendant's rights." *Id*. at 143-144.

In this case, before instructing the jury, defense counsel agreed that he had an opportunity to review the final jury instructions and confirmed that he did not have any objection to them. This constituted waiver of any claim of instructional error, and there is no error to review. See *People v Kowalski*, 489 Mich 488, 504; 803 NW2d 200 (2011). Nevertheless, we have addressed defendant's argument and conclude that it lacks merit.

The jury instruction on perjury fairly presented the charge to the jury and sufficiently protected defendant's rights. As set forth previously, the trial court instructed the jury on the perjury charge and the instruction accurately reflected the language of MCL 767A.9. This was a fair representation of the charged offense and adequately protected defendant's rights. Defendant, however, argues that the instruction violated his right to a unanimous verdict.

"A defendant has the right to a unanimous verdict and it is the duty of the trial court to properly instruct the jury on this unanimity requirement." *People v Martin*, 271 Mich App 280, 338; 721 NW2d 815 (2006). In this case, the trial court provided a general unanimity instruction. "Under most circumstances, a general instruction on the unanimity requirement will be adequate." *Id*. However,

> the trial court must give a specific unanimity instruction where the state offers evidence of alternative acts allegedly committed by the defendant and 1) the alternative acts are materially distinct (where the acts themselves are conceptually distinct or where either party has offered materially distinct proofs regarding one of the alternatives), or 2) there is reason to believe the jurors might be confused or disagree about the factual basis of defendant's guilt. [*Id*. (quotation marks and citation omitted).]

In this case, the prosecution offered defendant's investigative subpoena testimony and alleged that defendant made multiple untruthful statements under oath. However, each alleged false statement was not "materially distinct." *Id*. Indeed, the multiple statements were not conceptually distinct because the statements arose from the same investigative subpoena and involved a common set of facts concerning defendant's knowledge and previous contact with weapons. Moreover, the parties did not offer "materially distinct proofs" concerning each separate alleged false statement. The prosecution offered defendant's subpoena testimony and compared that testimony to other evidence introduced at trial, primarily Burns's investigative subpoena testimony, to argue that defendant lied under oath and knew that he was lying. The alleged false statements were part of a single transaction in that they were offered to prove that defendant lied during his testimony. Furthermore, there was no reason to believe that the jurors "might be confused or disagree about the factual basis of defendant's guilt." *Id*. The jurors were instructed on the proper elements of perjury during an investigative subpoena, and they were provided a unanimity instruction. In sum, the trial court's jury instruction on perjury properly presented the charged offense and adequately protected defendant's rights. See *Bartlett*, 231 Mich App at 143.

## VI. PROSECUTORIAL MISCONDUCT

Next, defendant raises several unpreserved claims of prosecutorial misconduct. Specifically, defendant contends that the prosecutor made inappropriate comments during opening statement and closing argument. "In reviewing such claims, this Court examines the remarks in context to determine whether they denied defendant a fair trial." *People v Bahoda*, 448 Mich 261, 266-267; 531 NW2d 659 (1995). This Court will not find "error requiring reversal where a curative instruction could have alleviated any prejudicial effect." *People v Callon*, 256 Mich App 312, 329; 662 NW2d 501 (2003). "Curative instructions are sufficient to

cure the prejudicial effect of most inappropriate prosecutorial statements, and jurors are presumed to follow their instructions." *Unger*, 278 Mich App at 234-235 (citations omitted).

Defendant argues that the prosecutor improperly used his right to remain silent against him during her opening statement and closing argument. This argument lacks merit.

"A prosecutor may not comment on a defendant's silence in the face of accusation . . . ." *People v McGhee*, 268 Mich App 600, 634; 709 NW2d 595 (2005). However, "[p]rosecutors are accorded great latitude regarding their arguments and conduct. They are free to argue the evidence and all reasonable inferences from the evidence as it relates to [their] theory of the case." *Bahoda*, 448 Mich at 282 (quotation marks and citations omitted).

In this case, the prosecutor's comments that defendant hid his criminal activity from the outset of the case was not an improper reference to defendant's right to remain silent. Instead, the statement was a proper argument referring to defendant's conduct, including defendant's attempt to hide the gun from police. Other evidence showed that police discovered items related to the manufacture and sale of drugs outside of a fence near defendant's residence. The prosecution was free to argue that this evidence supported the inference that defendant attempted to conceal evidence from police. See *Kowalski*, 489 Mich at 509 n 37 ("attempts to conceal involvement in a crime are probative of a defendant's consciousness of guilt.").

Similarly, the prosecution's statement that "[y]ou have to find him responsible based on the evidence of this case" was not an improper reference to defendant's right to remain silent or improper vouching. Rather, the statement was a permissible argument that the evidence supported defendant's guilt. See *Bahoda*, 448 Mich at 282.

The prosecutor's statement that "he will not take responsibility for this" was an improper reference to defendant's right to remain silent and his right to maintain his innocence. Defendant had no obligation to admit guilt, and he had a constitutional right to maintain his innocence. However, the improper statement did not deny defendant a fair trial. The trial court instructed the jury on the presumption of innocence, the prosecution's burden of proof, and that the arguments of the attorneys did not constitute evidence. These instructions were sufficient to cure the taint of any prejudicial impact of the improper statement. See *Unger*, 278 Mich App at 234-235. Moreover, the prejudicial impact was minimal as the statement concerned defendant's failure to take responsibility for shooting Gregory, and the jury acquitted defendant on the murder charges. In short, the improper statement did not deny defendant a fair trial.

Next, defendant argues that the prosecutor "testified" when she stated that defendant "shot him with a gun" as follows:

> When it's all said and done, Gregory Rogers is laying on the floor, drowning in this own blood because this man, the defendant, [defendant], shot him with a gun, depressed into his groin at a 90-degree angle so hard that when the bullet went through, it tattooed, for a better word, part of the muzzle on the man's skin. It went through his shorts, through his boxers, severed his femoral artery, and broke his femur. And that's why you're here today. That's fact.

This argument did not amount to improper testimony. Rather, viewed in context, the prosecutor was commenting on her theory of the case and arguing that the evidence showed that defendant shot Gregory. The prosecutor was "free to argue the evidence and all reasonable inferences from the evidence as it relates to [their] theory of the case." *Bahoda*, 448 Mich at 282.

Defendant also argues that the prosecutor made improper "what we know and what we wanted" arguments and repeatedly told the jury that defendant lied. However, defendant fails to cite where in the transcript the prosecutor made these statements. In doing so, defendant abandoned this aspect of his argument. See *Kelly*, 231 Mich App at 640-641. Nevertheless, the statements did not amount to misconduct that denied defendant a fair trial.

A prosecutor may not represent that she has special personal knowledge regarding the evidence or the credibility of the witnesses. See *People v Bennett*, 290 Mich App 465, 478; 802 NW2d 627 (2010). At times during the closing and rebuttal arguments, the prosecutor stated: "we know" and then referred to evidence admitted at trial. This was not improper. Rather, the prosecutor's statements reflected an attempt to direct the jury's attention to certain evidence that was admitted at trial. This was a permissible argument about the evidence and reasonable inferences arising from the evidence.

The prosecutor also argued that defendant repeatedly lied during the investigation of the shooting. In doing so, the prosecutor did not imply that she had some special knowledge about the credibility of witnesses. See *id*. Instead, the comments amounted to reasonable inferences from the evidence. Specifically, aspects of defendant's investigative subpoena testimony were inconsistent with testimony offered by other witnesses. The prosecutor was free to argue that these inconsistencies showed that defendant was untruthful.

In his Standard 4 brief, defendant argues that the prosecutor made inflammatory comments during closing argument when she stated that "we try to prosecute only the guilty," mentioned the United States Attorney's Office, and called defendant a "hoodlum." Defendant fails to cite where in the transcript the prosecutor made these statements and we were unable to locate any of these statements in the record. See *Kelly*, 231 Mich App at 640-641. We cannot conclude that the prosecutor engaged in misconduct that denied defendant a fair trial.

In his Standard 4 brief, defendant also argues that the prosecutor improperly stated that he lied, that he shot Gregory, that he was "hiding" his guilt, and stated "what we know and what we wanted." Defendant again abandons this argument as he fails to cite where in the record the prosecutor made these statements. See *id*. Nevertheless, defendant has failed to show the prosecutor engaged in misconduct. The prosecutor was free to argue that the evidence showed that defendant shot Gregory and that defendant concealed the truth during the investigation. In short, the prosecution did not engage in misconduct that denied defendant a fair trial.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood
/s/ James Robert Redford

-10-